IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JUSTIN GATLIN | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CASE NO. 3:08cv241/LAC/EMT |
| | ) |
| | ) |
| UNITED STATES ANTI-DOPING | ) |
| AGENCY INC.;UNITED STATES | ) |
| TRACK ANDFIELD ASSOCIATION; | ) |
| UNTIED STATES OLYMPIC | ) |
| COMMITTEE, INC.; INTERNATIONAL | ) |
| ASSOCIATION OF ATHELTICS | ) |
| FEDERATIONS; | ) |
| | ) |
| Defendants | ) |

**PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER
AND/OR MOTION FOR PRELIMINARY INJUNCTION**

Comes Now, Plaintiff, Justin Gatlin, through the undersigned, hereby moves this Court for an Order, pursuant to Federal Rule of Civil Procedure 65(b), enjoining the United States Olympic Committee, Inc., United States Anti-Doping Agency, Inc., International Association of Athletics Federations and U.S.A. Track and Field, Inc. from preventing the Plaintiff's participation in the United States Olympic Track and Field Qualifications on June 27, 2008.

## The Basis

1. Relief in equity is appropriate when there is no adequate remedy at law. There is no remedy at law that will allow for the Plaintiff's participation in the United States Olympic Trials set for June 26, 2008, in Eugene, Oregon.

2. The purpose of a temporary injunction is to maintain the status quo pending the outcome of litigation, or such other time as the court may designate.

3. The relative harm that would affect each side is the following:

   a. If there is a valid basis for excluding Mr. Gatlin from participating in the Olympic trials then this Court would be able to enforce such a finding at a later date. Nothing is lost on behalf of the Defendants.

   b. However, if there is not a valid basis for excluding Mr. Gatlin from the 2008 Olympic Trials, Mr. Gatlin's future in this sport will be over. Mr. Gatlin's age and the nature of his sport makes the 2008 Olympic Games his last opportunity to compete. This Court can provide that Mr. Gatlin's participation in the Olympic trials would allow him to become a "conditional" qualifier, if he is fortunate enough to qualify. This Court can revisit these issues prior to the 2008 Biejing Olympic Games scheduled to being on August 8, 2008.

4. As set out in Mr. Gatlin's complaint and memorandum of law and facts, the Defendants have violated the Americans with Disabilities Act and the Rehabilitation Act of 1973.

5. Based upon the Plaintiff's disability, the Defendants have used their policies as a means to enhance the sanctions attributable to what amounts to be, his first positive drug test.

6. The Defendants failed to allow for reasonable modifications and accommodations for Mr. Gatlin and other suffering from his disability.

7. It is likely that Plaintiffs will prevail on the merits of this case.

**Prayer for Relief**

For these reasons, Plaintiffs respectfully request that this Court, upon hearing, issue a Temporary Injunction instructing the United States Olympic Committee, United States Anti-Doping Agency, International Association of Athletics Federations and the U.S.A. Track and Field, Inc, to allow Mr. Gatlin to participate in the United States Olympic Track and Field Qualifications and to further declare the use of any sanction based upon Mr. Gatlin's disability as violative of the Americans with Disabilities Act and the Rehabilitation Act of 1973.

_____
Joseph A. Zarzaur, Jr.
Attorney for Justin Gatlin
Zarzaur Law, P.A.
Post Office Box 12305
Pensacola, Florida 32591
Florida Bar #96806
850-444-9299 p
866-588-1493 f