**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JUSTIN GATLIN,

    Plaintiff,

v.                                                      Case No. 3:08-cv-241/LAC/EMT

UNITED STATES ANTI-DOPING
AGENCY, INC.; UNITED STATES
TRACK AND FIELD ASSOCIATION;
UNITED STATES OLYMPIC COMMITTEE,
INC.; INTERNATIONAL ASSOCIATION
OF ATHLETICS FEDERATIONS,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. Doc. 4. Plaintiff certifies to the Court that, with the probably exception of the International Association of Athletics Federations, all Defendants have been served or will be served today with copies of the complaint and the motion. Doc. 8.

The Court, having considered the pleadings and record in this case, and for good cause shown, has determined that Plaintiff should be granted a Temporary Restraining Order as stated in this Order.

Plaintiff filed this action pursuant to Title III of the Americans with Disabilities Act of 1990 (ADA) and Section 794 of the Rehabilitation Act of 1973, claiming that as one who suffers from the disability of attention deficit disorder, he is being wrongly excluded from participating in upcoming Olympic athletic events. This Court finds that it has jurisdiction over the subject matter and the parties to this action.

The Court has balanced the four factors appropriate for consideration of a temporary restraining order. As with a preliminary injunction, a party seeking a temporary restraining order must establish: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest. *Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007) (citing *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005)). Further, a temporary restraining order "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)). The decision to grant or deny a temporary restraining order "is within the sound discretion of the district court and will not be disturbed

absent a clear abuse of discretion." *Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1246 (11th Cir. 2002) (quoting *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002)) (internal quotation marks omitted).

Based on the pleadings and the record in this case, the Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits of his case. Plaintiff, a renowned Olympic athlete, challenges the fact that he is currently made to serve under a suspension from athletic competition at all public events sponsored or administrated by Defendants, which would include all Olympic and Olympic-qualifying events. The Olympic-qualifying events are scheduled to commence on June 27, 2008, with the Olympic Games to follow in August of 2008. The length of Plaintiff's suspension, four years, was based on the determination that he had committed a second violation of Defendants' "anti-doping" policy. Plaintiff challenges the validity of his first violation, without which his current penalty would not have been enhanced, and would therefore have necessarily expired by this time.[1]

While Defendants have denied Plaintiff's challenges to his enhanced suspension, they have done so with great tribulation and with clear recognition that "[i]f ever there were a

---

[1] While Plaintiff states that without the enhancement his suspension would end after two years, or on May 25, 2008, the Court notes that in what was apparently the last arbitration decision on the matter, Plaintiff's commencement date for the serving of his suspension on the second violation was changed from May 25 to July 25, 2006, apparently the date upon which "Mr. Justin Gatlin voluntarily accepted a provisional suspension." Doc. 5, ex. h. This decision would seem to have the practical effect of mooting this case since Plaintiff's two year sentence would expire after the conclusion of the Olympic trials and only two weeks before the commencement of the Olympic Games. However, given the scantness of the record as to this matter, the Court is not in a position to speculate as to whether this ruling is indeed in effect and whether this would moot the motion and the case. Further, even if this were the case, the Court would also be open to investigating the arbitrariness of the decision given that, as far as appearances go, the decision seems suspiciously designed to moot the very sort of legal action against Defendants that Plaintiff raises in this action.

lacuna in the rules, and a unique set of facts, this case should qualify." Doc. 5, ex. g at 40. In a nutshell, Plaintiff's first violation occurred despite the fact that the substance found in Plaintiff's system was and is clearly recognized as proper for his diagnosed condition, attention deficit disorder, and that by all accounts, it is undisputed that Plaintiff completely followed the protocol established at the time for managing his intake of medication before competing. Thus, while Plaintiff tested positive for the substance, all those involved at the time concluded that Plaintiff at most had committed a technical or "paperwork" violation, that he had neither cheated nor intended to cheat by taking his medication according to the proper regimen, and that Plaintiff simply was not at fault.

This is important because, without a finding of fault on this first violation, Plaintiff would not be subject to an enhanced penalty under the current rules. However, because at the time of Plaintiff's first violation the rules did not require a formal determination of whether an athlete was at fault, no such determination was ever made.[2] Defendants, in considering the second violation, nonetheless maintain that they cannot revisit the first violation and formally determine that Plaintiff was not at fault. In what can only be characterized as a procedural mire, Defendants suggest that Plaintiff may try yet another round of administrative appeals to the discretion of the various Defendant agencies in an attempt to gain a beneficial ruling in this regard.

---

[2] Also, because Plaintiff was subsequently "reinstated" after his first violation, which lifted his suspension so that he could resume competition, this apparently resulted in less incentive to all concerned to pursue the "fault" issue any further.

In the midst of this intractable situation, it is abundantly clear that, if anyone were to actually deal with the facts of this case head-on, they would readily conclude, formally, that Plaintiff was not at fault for the first violation, and would as a consequence end his suspension immediately. The only obstacle to this result appears to be a "musical chairs" situation in which nobody appears willing to take that step.

In addition to the substantial likelihood that Plaintiff would succeed on the merits of his case, the Court finds that irreparable injury would result were Plaintiff not to be granted relief. Time is obviously of the essence in this case as Plaintiff will be unable to compete in the Olympic trials and will therefore lose his chance to participate in this year's Olympic Games unless Defendants are enjoined from enforcing his suspension. Given this, the balance of harm weighs in Plaintiff's favor as there is little to perceive in the way of harm to Defendants should Plaintiff be allowed to participate in the trials. Finally, it is evident that the public interest would be served since otherwise the country, indeed the world, would be wrongfully excluded from watching one of its great athletes perform.

Finally, the Court henceforth issues this Temporary Restraining Order because time is clearly of the essence in this case, and preparations needed to carry out this Order are likely significant. This Order issues with the understanding that, as per Rule 65 of the Federal Rules of Civil Procedure, all parties will have an opportunity to be heard at the hearing on Plaintiff's Motion for Preliminary Injunction as scheduled herein.

Therefore, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff Justin Gatlin's Motion for Temporary Restraining Order and/or Preliminary Injunction (doc. 4) is **GRANTED** to the extent that a Temporary Restraining Order is issued as stated herein.

2. Defendants United States Anti-Doping Agency, Inc.; United States Track and Field Association; United States Olympic Committee, Inc.; and International Association of Athletics Federations, together with their agents, servants, employees and attorneys, and all persons in active concert and participation with them, shall be and they are each temporarily restrained from enforcing the current suspension from athletic competition against Plaintiff Justin Gatlin or from otherwise using the suspension to prevent Plaintiff from participating in the Olympic trials commencing June 27, 2008, as referenced in the motion.

3. The Court has further considered the pleadings and the record in this case and concludes that there is presently no need for security under Fed.R.Civ.P. 65(c) in any amount.

4. This Order shall remain in full force and effect for **TEN (10) DAYS** unless this Court specifically orders otherwise.

5. A hearing on Plaintiff's Motion for Preliminary Injunction is hereby set for **MONDAY, JUNE 23rd, 2008, at 8:30 A.M.**, in Courtroom Four South, United States Courthouse, One North Palafox Street, Pensacola, Florida.

6.  Plaintiff shall immediately serve Defendants, their agent(s), or their counsel with a copy of this Order and all relevant documents, and within twenty-four hours shall certify to the Court that he has done so.

Entered this 20th day of June, 2008, at 2:00 p.m.. **IT IS SO ORDERED.**

s/ *L.A. Collier*  
Lacey A. Collier  
Senior United States District Judge