# EXHIBIT 6

Dockets.Justia.com

# Statutes of the Bodies Working for the Settlement of Sports-related Disputes[*]

## A    Joint Dispositions

S1    In order to settle sports-related disputes through arbitration and mediation, two bodies are hereby created :

- **the International Council of Arbitration for Sport (ICAS) and**
- **the Court of Arbitration for Sport (CAS).**

The disputes to which a federation, association or other sports-related body is party are a matter for arbitration in the sense of this Code, only insofar as the statutes or regulations of the said sports-related bodies or a specific agreement so provide.

The seat of the ICAS and the CAS is established in Lausanne, Switzerland.

S2    The task of the ICAS is to facilitate the settlement of sports-related disputes through arbitration or meditation and to safeguard the independence of the CAS and the rights of the parties. To this end, it looks after the administration and financing of the CAS.

S3    The CAS, which has a list of arbitrators, procures the arbitral resolution of disputes arising within the field of sport through the intermediary of arbitration provided by Panels composed of one or three arbitrators.

It comprises an Ordinary Arbitration Division and an Appeals Arbitration Division.

The CAS has a list of mediators in order to procure the resolution of sports-related disputes through mediation. The mediation procedure is governed by separate rules.

## B    The International Council of Arbitration for Sport (ICAS)

### 1    Composition

S4    The ICAS is composed of twenty members, namely high-level jurists appointed in the following manner :

---

[*] NOTE : In this Code, the masculine gender used in relation to any physical person shall, unless there is a specific provision to the contrary, be understood as including the feminine gender.

a. four members are appointed by the International Sports Federations ("IFs"), viz. three by the Summer Olympic IFs (ASOIF) and one by the Winter Olympic IFs ("AIWF"), chosen from within or from outside their membership;

b. four members are appointed by the Association of the National Olympic Committees ("ANOC"), chosen from within or from outside its membership ;

c. four members are appointed by the International Olympic Committee ("IOC"), chosen from within or from outside its membership ;

d. four members are appointed by the twelve members of the ICAS listed above, after appropriate consultation with a view to safeguarding the interests of the athletes ;

e. four members are appointed by the sixteen members of the ICAS listed above and chosen from among personalities independent of the bodies designating the other members of the ICAS.


S5     The members of the ICAS are appointed for a renewable period of four years.

Upon their appointment, the members of the ICAS sign a declaration undertaking to exercise their function in a personal capacity, with total objectivity and independence, in conformity with this Code. They are, in particular, bound by the confidentiality obligation provided in Article R43.

The members of the ICAS may not appear on the list of CAS arbitrators nor act as counsel to one of the parties in proceedings before the CAS.

If a member of the ICAS resigns, dies or is prevented from carrying out his functions for any other reason, he is replaced, for the remaining period of his mandate, in conformity with the terms applicable to his appointment.


**2     Attributions**


S6     The ICAS exercises the following functions :

1.     It adopts and amends this Code ;
2.     It elects from among its members for a renewable period of four years :
  •     the President proposed by the IOC,
  •     two Vice-Presidents (one proposed by the IFs and one by the National Olympic Committees [NOCs]), who shall deputize the President if necessary, by order of seniority in age,
  •     the President of the Ordinary Arbitration Division and the President of the Appeals Arbitration Division of the CAS,
  •     the deputies of the two Division Presidents who can replace them in the event they are prevented from carrying out their functions;
3.     It appoints the personalities who are to constitute the list of arbitrators and the list of CAS mediators and can remove them from those lists (Article S3);
4.     It exercises those functions concerning the challenge and removal of arbitrators, and any other functions which the Procedural Rules confer upon it;
5.     It looks after the financing of the CAS. To this end, inter alia;

| 5.1 | it receives and manages the funds allocated to its operations, in conformity with the financial regulations of the CAS; |
|------|-----------------------------------------------------------------------------------------------------------------------------|
| 5.2 | it approves the ICAS budget prepared by the CAS Court Office; |
| 5.3 | it approves the annual accounts of the CAS established by the CAS Court Office; |
| 6. | It appoints the CAS Secretary General and terminates his duties upon proposal of the President; |
| 7. | It supervises the activities of the CAS Court Office; |
| 8. | If it deems such action appropriate, it sets up regional or local, permanent or ad hoc arbitration structures ; |
| 9. | If it deems such action appropriate, it creates a legal aid fund to facilitate access to CAS arbitration and determines the terms of implementation ; |
| 10. | It may take any other action which it deems likely to protect the rights of the parties and, in particular, to best guarantee the total independence of the arbitrators and to promote the settlement of sports-related disputes through arbitration. |

S7   The ICAS exercises its functions either itself, or through the intermediary of its Board, comprising the President and two Vice-Presidents of the ICAS, the President of the Ordinary Arbitration Division and the President of the CAS Appeals Arbitration Division.

The ICAS may not delegate to the Board the functions listed under Article S6, paragraphs 1, 2, 5.2 and 5.3.


**3      Operation**


S8   The ICAS meets whenever the activity of the CAS so requires, but at least once a year.

The ICAS constitutes a quorum when at least half its members participate in taking a decision.  Decisions are taken during meetings or by correspondence by a simple majority of the voting members, the President having the casting vote in the event of a tie. However, any modification of this Code requires a majority of two-thirds of the ICAS members. ICAS members may not act by proxy.

The CAS Secretary General takes part in the decision-making with a consultative voice and acts as Secretary to the ICAS.


S9   The President of the ICAS is also President of the CAS. He is also responsible for the ordinary administrative tasks within the remit of the ICAS.


S10   The Board of the ICAS meets at the invitation of the ICAS President.

The CAS Secretary General participates in the decision-making with a consultative voice and acts as Secretary to the Board.

The Board constitutes a quorum if three of its members participate in taking a decision. Decisions are taken during meetings or by correspondence with a simple majority of those voting ; the President has the casting vote in the event of a tie.

S11     A member of the ICAS or the Board may be challenged when circumstances allow legitimate doubt to be cast on his independence vis-à-vis one of the parties to an arbitration which must be the subject of a decision by the ICAS or the Board pursuant to Article S6, paragraph 4. He shall spontaneously disqualify himself when the subject of a decision is an arbitration procedure in which a sports-related body to which he belongs appears as a party or in which a member of the law firm to which he belongs is an arbitrator or counsel.

The ICAS, with the exception of the challenged member, shall determine the directions with respect to the procedure for challenge.

The disqualified member shall not take part in the deliberations concerning the arbitration in question and shall not receive any information on the activities of the ICAS and the Board concerning such arbitration.

## C     The Court of Arbitration for Sport (CAS)

### 1     Mission

S12     The CAS sets in operation Panels which have the task of providing for the resolution by arbitration and/or mediation of disputes arising within the field of sport in conformity with the Procedural Rules (Articles R27 et seq.).

To this end, the CAS attends to the constitution of Panels and the smooth running of the proceedings. It places the necessary infrastructure at the disposal of the parties.

The responsibilities of such Panels are, inter alia :

a.     to resolve the disputes that are referred to them through ordinary arbitration ;
b.     to resolve through the appeals arbitration procedure disputes concerning the decisions of federations, associations or other sports-related bodies, insofar as the statutes or regulations of the said sports-related bodies or a specific agreement so provide ;
c.     to give non-binding advisory opinions at the request of the IOC, the IFs, the NOCs, WADA, the associations recognized by the IOC and the Olympic Games Organizing Committees ("OCOGs").

## 2  Arbitrators

S13   The personalities designated by the ICAS, in conformity with Article S6, paragraph 3, appear on the CAS list for a renewable period of four years. The ICAS reviews the complete list every four years; the new list enters into force on 1 January of the following year.

There are at least one hundred and fifty arbitrators and at least fifty mediators.

S14   In establishing the list of CAS arbitrators, the ICAS shall call upon personalities with full legal training, recognized competence with regard to sports law and/or international arbitration, a good knowledge of sport in general and a good command of at least one CAS working language. In addition, the ICAS shall respect, in principle, the following distribution :

- 1/5th of the arbitrators selected from among the persons proposed by the IOC, chosen from within its membership or from outside;
- 1/5th of the arbitrators selected from among the persons proposed by the IFs, chosen from within their membership or outside;
- 1/5th of the arbitrators selected from among the persons proposed by the NOCs, chosen from within their membership or outside;
- 1/5th of the arbitrators chosen, after appropriate consultations, with a view to safeguarding the interests of the athletes;
- 1/5th of the arbitrators chosen from among persons independent of the bodies responsible for proposing arbitrators in conformity with the present article.

S15   The proposals for designating such arbitrators that shall constitute the list referred to in Article S14, shall be notified to the ICAS.

The list of CAS arbitrators and all modifications to such list are published.

S16   In appointing the personalities who appear on the list of arbitrators, the ICAS shall, wherever possible, ensure fair representation of the continents and of the different juridical cultures.

S17   Subject to the provisions of the Procedural Rules (Articles R27 et seq.), if a CAS arbitrator resigns, dies or is prevented from carrying out his functions for any other reason, he may be replaced, for the remaining period of his mandate, in conformity with the terms applicable to his appointment.

S18   The personalities who appear on the list of arbitrators may be called upon to serve on Panels constituted by either of the CAS Divisions.

Upon their appointment, the CAS arbitrators and mediators sign a declaration undertaking to exercise their functions personally with total objectivity and independence, and in conformity with the provisions of this Code.

S19 CAS arbitrators are bound by the duty of confidentiality, which is provided for in the Code and in particular shall not disclose to any third party any facts or other information relating to proceedings conducted before CAS..

## 3 Organisation of the CAS

S20 The CAS is composed of two divisions, the Ordinary Arbitration Division and the Appeals Arbitration Division.

    a. **The Ordinary Arbitration Division** constitutes Panels, whose task is to resolve disputes submitted to the ordinary procedure, and performs, through the intermediary of its President or his deputy, all other functions in relation to the smooth running of the proceedings conferred upon it by the Procedural Rules (Articles R27 et seq.).

    b. **The Appeals Arbitration Division** constitutes Panels, whose task is to resolve disputes concerning the decisions of federations, associations or other sports-related bodies insofar as the statutes or regulations of the said sports-related bodies or a specific agreement so provide. It performs, through the intermediary of its President or his deputy, all other functions in relation to the smooth running of the proceedings conferred upon it by the Procedural Rules (Articles R27 et seq.).

Arbitration proceedings submitted to the CAS are assigned by the Court Office to one of these two Divisions according to their nature. Such assignment may not be contested by the parties or raised by them as a cause of irregularity.

The CAS has a mediation system that it sets in motion in accordance with its regulations.

S21 The President of one or other of the two Divisions of the CAS may be challenged if circumstances exist that give rise to legitimate doubts with regard to his independence vis-à-vis one of the parties to an arbitration assigned to his Division. He shall spontaneously disqualify himself if, in arbitration proceedings assigned to his Division, one of the parties is a sports-related body to which he belongs, or if a member of the law firm to which he belongs is acting as arbitrator or counsel.

The ICAS, with the exception of the challenged member, shall determine the directions with respect to the procedure for challenge.

If the President of one of the two Divisions is challenged, the functions relating to the smooth running of the proceedings conferred upon him by the Procedural Rules (Articles R27 et seq.), are performed by his deputy or by the CAS President if the deputy is also challenged. The persons disqualified shall not receive any information concerning the activities of the CAS regarding the arbitration proceedings which led to their disqualification.

S22    The CAS includes a Court Office composed of a Secretary General and one or more Counsel, who replace the Secretary General when required.

The Court Office performs the functions which are assigned to it by this Code.

**D    Miscellaneous Provisions**

S23    These Statutes are supplemented by the Procedural Rules adopted by the ICAS.

S24    The English text and the French text are authentic. In the event of any divergence, the French text shall prevail.

S25    These Statutes may be amended by decision of the ICAS, in conformity with Article S8.

S26    These Statutes and Procedural Rules come into force through the decision of the ICAS, taken by a two-thirds majority.

# Procedural Rules

## A    General Provisions

### R27    Application of the Rules

These Procedural Rules apply whenever the parties have agreed to refer a sports-related dispute to the CAS. Such disputes may arise out of an arbitration clause inserted in a contract or regulations or of a later arbitration agreement (ordinary arbitration proceedings) or involve an appeal against a decision rendered by a federation, association or sports-related body where the statutes or regulations of such bodies, or a specific agreement provides for an appeal to the CAS (appeal arbitration proceedings).

Such disputes may involve matters of principle relating to sport or matters of pecuniary or other interests brought into play in the practice or the development of sport and, generally speaking, any activity related or connected to sport.

These Procedural Rules also apply where the CAS is called upon to give an advisory opinion (consultation proceedings).

### R28    Seat

The seat of the CAS and of each Arbitration Panel ("Panel") is in Lausanne, Switzerland. However, should circumstances so warrant, and after consultation with all parties, the President of the Panel or, if he has not yet been appointed, the President of the relevant Division may decide to hold a hearing in another place and issues the appropriate directions related to such hearing.

### R29    Language

The CAS working languages are French and English. In the absence of agreement between the parties, the President of the Panel or, if he has not yet been appointed, the President of the relevant Division, shall select one of these two languages as the language of the arbitration at the outset of the procedure, taking into account all pertinent circumstances. Then, the procedure is conducted exclusively in the language selected, unless the parties and the Panel agree otherwise.

The parties may choose another language provided that the Arbitration Panel agrees. The parties shall advise the CAS of such a choice. In the event of such a choice, the Panel may order that the parties bear all or part of the translation and interpreting costs.

The Panel may order that all documents submitted in languages other than that of the procedure be filed together with a certified translation in the language of the procedure.

R30    Representation and Assistance

The parties may be represented or assisted by persons of their choice. The names, addresses, telephone and facsimile numbers of the persons representing the parties shall be communicated to the Court Office, the other party and the Panel after its formation. A power of attorney may be required.

R31    Notifications and Communications

All notifications and communications that the CAS or the Panel intend for the parties shall be made through the Court Office. The notifications and communications shall be written in French or in English and sent to the address shown in the arbitration request, statement of appeal or application for an opinion, or to any other address specified at a later date.

All arbitration awards, orders, and other decisions made by the CAS and the Panel shall be notified by any means permitting proof of receipt.

All communications from the parties intended for CAS or the Panel shall be sent by courier or facsimile to the CAS, failing which they shall be declared inadmissible. The request for arbitration, the statement of appeal, the request for participation of a third party and all written submissions and exhibits must be filed by the parties in as many copies as there are other parties and arbitrators, together with one additional copy for the CAS itself.

R32    Time limits

The time limits fixed under the present Code shall begin from the day after that on which notification by the CAS is received. Official holidays and non-working days are included in the calculation of time limits. The time limits fixed under the present Code are respected if the communications by the parties are sent before midnight on the last day on which such time limits expire. If the last day of the time limit is an official holiday or a non-business day in the country where the notification has been made, the time limit shall expire at the end of the first subsequent business day.

Upon application on justified grounds, either the President of the Panel or, if he has not yet been appointed, the President of the relevant Division, may extend the time limits provided in these Procedural Rules, with the exception of the time limit for the filing of the statement of appeal, if the circumstances so warrant.

R33    Independence and Qualifications of Arbitrators

Every arbitrator shall be and remain independent of the parties and shall immediately disclose any circumstances likely to affect his independence with respect to any of the parties.

Every arbitrator shall appear on the list drawn up by the ICAS in accordance with the Statutes which are part of this Code, shall have a good command of the language of the arbitration and shall have the availability required to expeditiously complete the arbitration.

R34    Challenge

An arbitrator may be challenged if the circumstances give rise to legitimate doubts over his independence. The challenge shall be brought within 7 days after the ground for the challenge has become known.

Challenges are in the exclusive power of the ICAS which may exercise such power through its Board in accordance with the Statutes which are part of this Code. The petition setting forth the facts giving rise to the challenge shall be lodged by a party. The ICAS or its Board shall rule on the challenge after the other parties, the challenged arbitrator and the other arbitrators have been invited to submit written comments. It shall give brief reasons for its decision. The ICAS may decide to publish decisions related to petitions for challenge.

R35    Removal

An arbitrator may be removed by the ICAS if he refuses to or is prevented from carrying out his duties or if he fails to fulfil his duties pursuant to the present Code. The ICAS may exercise such power through its Board in accordance with the Statutes which form part of this Code. The Board shall invite the parties, the arbitrator in question and the other arbitrators to submit written comments and shall give brief reasons for its decision.

R36    Replacement

In the event of resignation, death, challenge or removal of an arbitrator, such arbitrator shall be replaced in accordance with the provisions applicable to his appointment. Unless otherwise agreed by the parties or otherwise decided by the Panel, the proceedings shall continue without repetition of the procedure which took place prior to the replacement.

R37    Provisional and Conservatory Measures

No party may apply for provisional or conservatory measures under these Procedural Rules before the request for arbitration or the statement of appeal, which implies the exhaustion of internal remedies, has been filed with the CAS.

The President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter the Panel may, upon application by one of the parties, make an order for provisional or conservatory measures. In agreeing to submit to these Procedural Rules any dispute subject to appeal arbitration proceedings, the parties expressly waive their rights to request such measures from state authorities. This waiver does not apply to provisional or conservatory measures in connection with disputes subject to ordinary arbitration proceedings.

If an application for provisional measures is filed, the President of the relevant Division or the Panel invites the opponent to express his position within ten days or within a shorter time limit if circumstances so require. The President of the relevant Division or the Panel shall issue an order within a short time. In case of utmost urgency, the President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter the President of the Panel may issue an order upon mere presentation of the application, provided that the opponent is heard subsequently.

Provisional and conservatory measures may be made conditional upon the provision of security.

**B      Special Provisions Applicable to the Ordinary Arbitration Procedure**

R38     Request for Arbitration

The party intending to submit a reference to arbitration under these Procedural Rules shall file a request with the CAS containing :
- the name and address of the Respondent;
- a brief statement of the facts and legal argument, including a statement of the issue to be submitted to the CAS for determination;
- the Claimant's request for relief;
- a copy of the contract containing the arbitration agreement or of any document providing for arbitration in accordance with these Procedural Rules;
- any relevant information about the number and choice of the arbitrator(s), in particular if the arbitration agreement provides for three arbitrators, the name and address of the arbitrator chosen by the Claimant from the CAS list of names.

Upon filing its request, the Claimant shall pay the Court Office fee provided in Article R64.1.

If the above-mentioned requirements are not fulfilled when the request for arbitration is filed, the CAS Court Office shall grant once only a short deadline to the Claimant to complete his request, failing which it shall be deemed withdrawn.

R39     Initiation of the Arbitration by the CAS and Answer

Unless it is apparent from the outset that there is manifestly no arbitration agreement referring to the CAS, the Court Office shall take all appropriate actions to set the arbitration in motion. To this effect, it shall in particular communicate the request to the Respondent, call upon the parties to express themselves on the law applicable to the merits of the dispute and set time limits for the Respondent to submit any relevant information about the number and choice of the arbitrator(s), in particular to appoint an arbitrator from the CAS list, as well as to file an answer to the request for arbitration. The answer shall contain :

- a brief statement of the defence;
- any defence of lack of jurisdiction;
- any counterclaim.

R40    Formation of the Panel

R40.1   Number of Arbitrators

The Panel is composed of one or three arbitrators. If the arbitration agreement does not specify the number of arbitrators, the President of the Division shall determine the number, taking into account the amount in dispute and the complexity of the dispute.

R40.2   Appointment of the Arbitrators

The parties may agree on the method of appointment of the arbitrators. In the absence of an agreement, the arbitrators shall be appointed in accordance with the following paragraphs.

If, by virtue of the arbitration agreement or a decision of the President of the Division, a sole arbitrator is to be appointed, the parties may select him by mutual agreement within a time limit of fifteen days set by the Court Office upon receipt of the request. In the absence of an agreement being reached within that time limit, the President of the Division shall proceed with the appointment.

If, by virtue of the arbitration agreement or a decision of the President of the Division, three arbitrators are to be appointed, the Claimant shall appoint its arbitrator in the request or within the time limit set in the decision on the number of arbitrators and the Respondent shall appoint its arbitrator within the time limit set by the Court Office upon receipt of the request. In the absence of such appointment, the President of the Division shall proceed with the appointment in lieu of the parties. The two arbitrators so appointed shall select the President of the Panel by mutual agreement within a time limit set by the Court Office. In the absence of an agreement being reached within that time limit, the President of the Division shall appoint the President of the Panel in lieu of the two arbitrators.

R40.3   Confirmation of the Arbitrators and Transfer of the File

Any arbitrator selected by the parties or by other arbitrators shall only be deemed appointed after confirmation by the President of the Division. Before proceeding with such confirmation, the latter shall ascertain that the arbitrator fulfils the requirements of Article R33.

Once the Panel is formed, the Court Office takes notice of the formation and transfers the file to the arbitrators.

R41     Multiparty Arbitration

R41.1   Plurality of Claimants / Respondents

If the request for arbitration names several Claimants and/or Respondents, the CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of such an agreement, the President of the Division shall decide on the number of arbitrators in accordance with Article R40.1.

If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed and there are several Claimants, the Claimants shall jointly appoint an arbitrator. If three arbitrators are to be appointed and there are several Respondents, the Respondents shall jointly appoint an arbitrator. In the absence of such a joint appointment, the President of the Division shall proceed with the appointment in lieu of the Claimants/Respondents. If there are three or more parties with divergent interests, both arbitrators shall be appointed in accordance with the agreement between the parties. In the absence of such agreement, the arbitrators shall be appointed by the President of the Division in accordance with Article R40.2. In all cases, the arbitrators shall select the President of the Panel in accordance with Article R40.2.

R41.2   Joinder

If a Respondent intends to cause a third party to participate in the arbitration, it shall mention it in its answer, together with the reasons therefor, and file an additional copy of its answer. The Court Office shall communicate this copy to the person whose participation is requested and set such person a time limit to state its position on its participation and to submit a response pursuant to Article R39. It shall also set a time limit for the Claimant to express its position on the participation of the third party.

R41.3   Intervention

If a third party intends to participate as a party in the arbitration, it shall file with the CAS an application to this effect, together with  the reasons therefor within the time limit set for the Respondent's answer to the request for arbitration. To the extent applicable, such application shall have the same contents as a request for arbitration. The Court Office shall communicate a copy of this application to the parties and set a

time limit for them to express their position on the participation of the third party and to file, to the extent applicable, an answer pursuant to Article R39.

R41.4    Joint Provisions on Joinder and Intervention

A third party may only participate in the arbitration if it is bound by the arbitration agreement or if itself and the other parties agree in writing.

Upon expiration of the time limit set in Articles R41.2 and R41.3, the President of the Division or the Panel, if it has already been appointed, shall decide on the participation of the third party, taking into account, in particular, the prima facie existence of an arbitration agreement as referred to in Article R39 above. The decision of the President of the Division shall be without prejudice to the decision of the Panel on the same matter.

If the President of the Division accepts the participation of the third party, the CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of such an agreement between the parties, the President of the Division shall decide on the number of arbitrators in accordance with Article R40.1. If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed, the arbitrators shall be appointed by the President of the Division and shall choose the President of the Panel in accordance with Article R40.2.

Regardless of the decision of the Panel on the participation of the third party, the formation of the Panel cannot be challenged. In the event that the Panel accepts the participation, it shall, if required, issue related procedural directions.

R42    Conciliation

The President of the Division, before the transfer of the file to the Panel, and thereafter the Panel may at any time seek to resolve the dispute by conciliation. Any settlement may be embodied in an arbitral award rendered by consent of the parties.

R43    Confidentiality

Proceedings under these Procedural Rules are confidential. The parties, the arbitrators and the CAS undertake not to disclose to any third party any facts or other information relating to the dispute or the proceedings. Awards shall not be made public unless the award itself so provides or all parties agree.

R44    Procedure before the Panel

R44.1    Written Submissions

The procedure before the Panel comprises written submissions and, if the Panel deems it appropriate, an oral hearing. Upon receipt of the file, the President of the Panel, if appropriate, shall issue directions in connection with the written submissions. As a general rule, there shall be one statement of claim, one response and, if the circumstances so require, one reply and one second response. The parties may, in the statement of claim and in the response, raise claims not contained in the request for arbitration and in the answer to the request. Thereafter, no party may raise any new claim without the consent of the other party.

Together with their written submissions, the parties shall produce all written evidence upon which they intend to rely. After the exchange of the written submissions, the parties shall not be authorized to produce further written evidence, except by mutual agreement or if the Panel so permits on the basis of exceptional circumstances.

In their written submissions, the parties shall specify any witnesses and experts which they intend to call and state any other evidentiary measure which they request. Any witness statements shall be filed together with the parties' submissions.

## R44.2 Hearing

Once the exchange of pleadings is closed, the President of the Panel shall issue directions with respect to the hearing and in particular set the hearing date. As a general rule, there shall be one hearing during which the Panel hears the parties, the witnesses and the expert as well as the parties' final oral arguments, for which the Respondent has the floor last.

The President of the Panel shall conduct the hearing and ensure that the statements made are concise and limited to the subject of the written presentations, to the extent that these presentations are relevant. Unless the parties agree otherwise, the hearings are not public. Minutes of the hearing may be taken. Any person heard by the Panel may be assisted by an interpreter at the cost of the party which called such person.

The parties call to be heard by the Panel such witnesses and experts which they have specified in their written submissions. The parties are responsible for the availability and costs of the witnesses and experts called to be heard.

The President of the Panel may exceptionally authorize the hearing of witnesses and experts via tele- or video-conference. With the agreement of the parties, he may also exempt a witness/expert from appearing at the hearing if the latter has previously filed a statement.

The Panel may limit or disallow the appearance of any witness or expert on the grounds of irrelevance.

Before hearing any witness, expert or interpreter, the Panel shall solemnly invite such persons to tell the truth, subject to the sanctions of perjury.

Once the hearing is closed, the parties shall not be authorized to produce further written pleadings, unless the Panel so orders.

After consulting the parties, the Panel may, if it deems itself to be sufficiently well informed, decide not to hold a hearing.

**R44.3  Evidentiary Proceedings Ordered by the Panel**

A party may request the Panel to order the other party to produce documents in its custody or under its control. The party seeking such production shall demonstrate that the documents are likely to exist and to be relevant.

If it deems it appropriate to supplement the presentations of the parties, the Panel may at any time order the production of additional documents or the examination of witnesses, appoint and hear experts, and proceed with any other procedural act. The Panel may order the parties to contribute to any additional costs related to the hearing of witnesses and experts.

The Panel shall consult the parties with respect to the appointment and terms of reference of such expert. The expert appointed by the Panel shall be and remain independent of the parties and shall immediately disclose any circumstances likely to affect his independence with respect to any of the parties.

**R44.4  Expedited Procedure**

With the consent of the parties, the Panel may proceed in an expedited manner for which it shall issue appropriate directions.

**R44.5 Default**

If the Claimant fails to submit its statement of claim in accordance with Article R44.1 of the Code, the request for arbitration shall be deemed withdrawn.

If the Respondent fails to submit its response in accordance with Article R44.1 of the Code, the Panel may nevertheless proceed with the arbitration and deliver an award.

If any of the parties is duly summoned yet fails to appear at the hearing, the Panel may nevertheless proceed with the hearing.

**R45  Law Applicable to the Merits**

The Panel shall decide the dispute according to the rules of law chosen by the parties or, in the absence of such a choice, according to Swiss law. The parties may authorize the Panel to decide ex aequo et bono.

**R46  Award**

The award shall be made by a majority decision, or, in the absence of a majority, by the President alone. The award shall be written, dated and signed. Unless the parties agree otherwise, it shall briefly state reasons. The signature of the President of the Panel shall suffice. Before the award is signed, it shall be transmitted to the CAS Secretary General who may make rectifications of pure form and may also draw the attention of the Panel to fundamental issues of principle.

The award notified by the CAS Court Office shall be final and binding upon the parties. It may not be challenged by way of an action for setting aside to the extent that the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in an agreement entered into subsequently, in particular at the outset of the arbitration.

## C Special Provisions Applicable to the Appeal Arbitration Procedure

**R47 Appeal**

An appeal against the decision of a federation, association or sports-related body may be filed with the CAS insofar as the statutes or regulations of the said body so provide or as the parties have concluded a specific arbitration agreement and insofar as the Appellant has exhausted the legal remedies available to him prior to the appeal, in accordance with the statutes or regulations of the said sports-related body.

An appeal may be filed with the CAS against an award rendered by the CAS acting as a first instance tribunal if such appeal has been expressly provided by the rules applicable to the procedure of first instance.

**R48 Statement of Appeal**

The Appellant shall submit to the CAS a statement of appeal containing :

- the name and full address of the Respondent;
- a copy of the decision appealed against;
- the Appellant's request for relief;
- the appointment of the arbitrator chosen by the Appellant from the CAS list, unless the parties have agreed to a Panel composed of a sole arbitrator;
- if applicable, an application to stay the execution of the decision appealed against, together with reasons;
- a copy of the provisions of the statutes or regulations or the specific agreement providing for appeal to the CAS.

Upon filing the statement, the Appellant shall pay the Court Office fee provided for under Article R65.2.

If the above-mentioned requirements are not fulfilled when the statement of appeal is filed, the CAS Court Office shall grant once only a short deadline to the Appellant to complete his statement, failing which it shall be deemed withdrawn.

R49     Time limit for Appeal

In the absence of a time limit set in the statutes or regulations of the federation, association or sports-related body concerned, or of a previous agreement, the time limit for appeal shall be twenty-one days from the receipt of the decision appealed against. After having consulted the parties, the Division President may refuse to entertain an appeal if it is manifestly late.

R50     Number of Arbitrators

The appeal shall be submitted to a Panel of three arbitrators, unless the Appellant establishes at the time of the statement of appeal that the parties have agreed to a Panel composed of a sole arbitrator or the President of the Division considers that the matter is an emergency and the appeal should be submitted to a sole arbitrator.

When two or more cases have manifestly the same object, the President of the Appeals Arbitration Division may invite the parties to agree to refer these cases to the same Panel; in the absence of agreement between the parties, the President of the Division shall decide.

R51     Appeal Brief

Within ten days following the expiry of the time limit for the appeal, the Appellant shall file with the CAS a brief stating the facts and legal arguments giving rise to the appeal, together with all exhibits and specification of other evidence upon which he intends to rely, failing which the appeal shall be deemed withdrawn.

In his written submissions, the Appellant shall specify any witnesses and experts whom he intends to call and state any other evidentiary measure which he requests. The witness statements, if any, shall be filed together with the appeal brief, unless the President of the Panel decides otherwise.

R52     Initiation of the Arbitration by the CAS

Unless it is apparent from the outset that there is manifestly no arbitration agreement referring to the CAS, the CAS shall take all appropriate actions to set the arbitration in motion. To this effect, the Court Office shall, in particular, communicate the statement of appeal to the Respondent, and the President of the Division shall proceed with the formation of the Panel in accordance with Articles R53 and R54. If applicable, he shall also decide promptly on an application for a stay or for interim measures.

R53    Appointment of Arbitrator by Respondent

Unless the parties have agreed to a Panel composed of a sole arbitrator or the President of the Division considers that the appeal is an emergency and must be submitted to a sole arbitrator, the Respondent shall appoint an arbitrator within ten days after receipt of the statement of appeal. In the absence of an appointment within such time limit, the President of the Division shall proceed with the appointment in lieu of the Respondent.


R54    Appointment of the Sole Arbitrator or of the President and Confirmation of the Arbitrators by the CAS

If, by virtue of the parties' agreement or of a decision of the President of the Division, a sole arbitrator is to be appointed, the President of the Division shall appoint the sole arbitrator upon receipt of the motion for appeal.

If three arbitrators are to be appointed, the President of the Division shall appoint the President of the Panel upon appointment of the arbitrator by the Respondent and after having consulted the arbitrators. The arbitrators selected by the parties shall only be deemed appointed after confirmation by the President of the Division. Before proceeding with such confirmation, the President of the Division shall ensure that the arbitrators fulfil the requirements of Article R33.

Once the Panel is formed, the Court Office takes notice of the formation of the Panel and transfers the file to the arbitrators.

In addition, Article R41 is applicable by analogy, except that the President of the Panel is appointed by the President of the Appeals Division.


R55    Answer of Respondent

Within twenty days from the receipt of the grounds for the appeal, the Respondent shall submit to the CAS an answer containing :

•    a statement of defence;
•    any defence of lack of jurisdiction;
•    any counterclaim;
•    any exhibits or specification of other evidence upon which the Respondent intends to rely, including the names of the witnesses and experts whom he intends to call; the witness statements, if any, shall be filed together with the answer, unless the President of the Panel decides otherwise.

If the Respondent fails to submit its response by the given time limit, the Panel may nevertheless proceed with the arbitration and deliver an award.


R56    Appeal and answer complete

Unless the parties agree otherwise or the President of the Panel orders otherwise on the basis of exceptional circumstances, the parties shall not be authorized to supplement their argument, nor to produce new exhibits, nor to specify further evidence on which they intend to rely after the submission of the grounds for the appeal and of the answer.

R57     Scope of Panel's Review, Hearing

The Panel shall have full power to review the facts and the law. It may issue a new decision which replaces the decision challenged or annul the decision and refer the case back to the previous instance. Upon transfer of the file, the President of the Panel shall issue directions in connection with the hearing for the examination of the parties, the witnesses and the experts, as well as for the oral arguments. He may also request communication of the file of the federation, association or sports-related body, whose decision is the subject of the appeal. Articles R44.2 and R44.3 shall apply.

After consulting the parties, the Panel may, if it deems itself to be sufficiently well informed, decide not to hold a hearing. At the hearing, the proceedings take place in camera, unless the parties agree otherwise.

If any of the parties is duly summoned yet fails to appear, the Panel may nevertheless proceed with the hearing.

R58     Law Applicable

The Panel shall decide the dispute according to the applicable regulations and the rules of law chosen by the parties or, in the absence of such a choice, according to the law of the country in which the federation, association or sports-related body which has issued the challenged decision is domiciled or according to the rules of law, the application of which the Panel deems appropriate. In the latter case, the Panel shall give reasons for its decision.

R59     Award

The award shall be rendered by a majority decision, or in the absence of a majority, by the President alone. It shall be written, dated and signed. The award shall state brief reasons. The signature of the President shall suffice.

Before the award is signed, it shall be transmitted to the CAS Secretary General who may make rectifications of pure form and may also draw the attention of the Panel to fundamental issues of principle.

The Panel may decide to communicate the operative part of the award to the parties, prior to the reasons. The award shall be enforceable from such written communication.

The award, notified by the CAS Court Office, shall be final and binding upon the parties. It may not be challenged by way of an action for setting aside to the extent that

the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in an agreement entered into subsequently, in particular at the outset of the arbitration.

The operative part of the award shall be communicated to the parties within four months after the filing of the statement of appeal. Such time limit may be extended by the President of the Appeals Arbitration Division upon a reasoned request from the President of the Panel.

The award, a summary and/or a press release setting forth the results of the proceedings shall be made public by the CAS, unless both parties agree that they should remain confidential.


**D**   **Special Provisions Applicable to the Consultation Proceedings**


R60   Request for Opinion

The IOC, the IFs, the NOCs, WADA, the associations recognized by the IOC and the OCOGs, may request an advisory opinion from the CAS about any legal issue with respect to the practice or development of sport or any activity related to sport. The request for an opinion shall be addressed to the CAS and accompanied by any document likely to assist the Panel entrusted with giving the opinion.


R61   Initiation by the CAS

When a request is filed, the CAS President shall review whether it may be the subject of an opinion. In the affirmative, he shall proceed with the formation of a Panel of one or three arbitrators from the CAS list and designate the President. He shall formulate, at his own discretion, the questions submitted to the Panel and forward these questions to the Panel.


R62   Opinion

Before rendering its opinion, the Panel may request additional information. The opinion may be published with the consent of the party which requested it. It does not constitute a binding arbitral award.


**E**   **Interpretation**


R63   A party may apply to the CAS for the interpretation of an award issued in an ordinary or appeals arbitration, whenever the operative part of the award is unclear, incomplete,

ambiguous or whenever its components are self-contradictory or contrary to the reasons, or whenever the award contains clerical mistakes or a miscalculation of figures.

When an application for interpretation is filed, the President of the relevant Division shall review whether there is ground for interpretation. If so, he shall submit the request to the Panel which has rendered the award for interpretation. Any Panel members who are unable to act shall be replaced in accordance with Article R36. The Panel shall rule on the request within one month following the submission of the request to the Panel.


**F      Costs of the Arbitration Proceedings**


**R64      In general**


R64.1      Upon filing of the request/statement of appeal, the Claimant shall pay a minimum Court Office fee of Swiss francs 500.—, without which the CAS shall not proceed. The CAS shall in any event keep this fee. The Panel shall take it into account when assessing the final amount of the fees.


R64.2      Upon formation of the Panel, the Court Office shall fix, subject to later changes, the amount and the method of payment of the advance of costs. The filing of a counterclaim or a new claim shall result in the calculation of separate advances.

To determine the amount to be paid in advance, the Court Office shall fix an estimate of the costs of arbitration, which shall be borne by the parties in accordance with Article R64.4. The advance shall be paid in equal shares by the Claimant and the Respondent. If a party fails to pay its share, the other may substitute for it ; in case of non-payment, the request/appeal shall be deemed withdrawn; this provision shall also applies to any counterclaim.


R64.3      Each party shall advance the cost of its own witnesses, experts and interpreters.

If the Panel appoints an expert or an interpreter or orders the examination of a witness, it shall issue directions with respect to an advance of costs, if appropriate.


R64.4      At the end of the proceedings, the Court Office shall determine the final amount of the cost of arbitration, which shall include the CAS Court Office fee, the administrative costs of the CAS calculated in accordance with the CAS scale, the costs and fees of the arbitrators calculated in accordance with the CAS fee scale, a contribution towards the expenses of the CAS, and the costs of witnesses, experts and interpreters. The final account of the arbitration costs may either be included in the award or communicated separately to the parties.

R64.5   The arbitral award shall determine which party shall bear the arbitration costs or in which proportion the parties shall share them. As a general rule, the award shall grant the prevailing party a contribution towards its legal fees and other expenses incurred in connection with the proceedings and, in particular, the costs of witnesses and interpreters. When granting such contribution, the Panel shall take into account the outcome of the proceedings, as well as the conduct and the financial resources of the parties.

R65     Disciplinary cases of an international nature ruled in appeal

R65.1   Subject to Articles R65.2 and R65.4, the proceedings shall be free.

The fees and costs of the arbitrators, calculated in accordance with the CAS fee scale, together with the costs of the CAS are borne by the CAS.

R65.2   Upon submission of the statement of appeal, the Appellant shall pay a minimum Court Office fee of Swiss francs 500.— without which the CAS shall not proceed and the appeal shall be deemed withdrawn. The CAS shall in any event keep this fee.

R65.3   The costs of the parties, witnesses, experts and interpreters shall be advanced by the parties. In the award, the Panel shall decide which party shall bear them or in what proportion the parties shall share them, taking into account the outcome of the proceedings, as well as the conduct and financial resources of the parties.

R65.4   If all circumstances so warrant, the President of the Appeals Arbitration Division may decide to apply Articles R64.4 and R64.5, 1st sentence, to an appeals arbitration, either ex officio or upon request of the President of the Panel.

R66     Consultation Proceedings

The Court Office shall determine, after consultation with the person requesting the opinion, to what extent and upon what terms such person shall contribute towards the costs of the consultation procedure. The Court Office may ask the applicant to advance the costs before the notification of the advisory opinion.

**G      Miscellaneous Provisions**

R67    The arbitration agreements entered into prior to 22 November 1994 shall be deemed to refer to the present Rules, unless both parties request the application of the Rules in force prior to 22 November 1994.

R68    The French text and the English text are authentic. In the event of any discrepancy, the French text shall prevail.

R69    The Procedural Rules may be amended by the decision of the Council, in conformity with Article S8.