# United States Anti-Doping Agency



<u>Via FedEx – Signature Verification Requested</u>

September 4, 2001

Brian Winn
American Arbitration Association
2200 Century Parkway, Suite 300
Atlanta, GA 03045-3203

Mr. Justin Gatlin
5906 Walton Street
Pensacola, FL 32502

International Amateur Athletic Federation
Gabriel Dollé
Anti-Doping Officer
Case Postal 359
98007 Monte Carlo, Monaco

**AMERICAN ARBITRATION ASSOCIATION/
ATLANTA TRIBUNAL**

**SEP 0 6 2001**

Terrence P. Madden
*Chief Executive Officer*

1265 Lake Plaza Drive
Colorado Springs, Colorado
80906
.ne: 719-785-2002
Fax: 719-785-2001
tpm@usantidoping.org
www.usantidoping.org

**Board of Directors**
Frank Shorter, Chair
Ralph Hale, MD, Vice Chair
Barry Axelrod, Treasurer
Kate Hendrickson Borg, Secretary
Lawrence Brown, MD, MPH
Peter Breen, ATC
Richard Cohen, MD
Jean Fourcroy, MD, PhD, MPH
Andrew Mecca, Dr. PH, MPH

Dear Mr. Winn & Mr. Gatlin,

Pursuant to the United States Anti-Doping Agency's ("USADA") Protocol for Olympic Movement Testing and the Modification to American Arbitration Association Commercial Rules Applicable to Doping Hearings Conducted by USADA, I am notifying you of Mr. Gatlin's request for a hearing before a three member panel of North American Court of Arbitration for Sport ("CAS") Arbitrators who are also AAA Arbitrators.

USADA looks to the rules of the relevant International Federation in determining the sanction which it will seek. Under the rules of the International Amateur Athletic Federation ("IAAF"), Division III, Rule 60.2 (a)(i), USADA advised the athlete that it would seek the following sanction for a postive test for the prohibited substance amphetamine:

- Two-year period of ineligibility commencing July 2, 2001
- Loss of results obtained at USA Junior Nationals

Additionally, as is required in every doping case under USADA Protocol, the doping violation and the resulting sanction would be publicly announced.

By this letter, we are also advising the IAAF that they have a right to participate in the hearing either as a party or as an observer.

#101606 v1

Contact information for this case is as follows:

Mr. Justin Gatlin
5906 Walton Street
Pensacola, FL 32502
Phone: (850) 484-9042

International Amateur Athletic
Federation
Gabriel Dollé, Anti Doping Officer
Anti-Doping Officer
Case Postal 359
98007 Monte Carlo, Monaco
fax:: 377 93 15-9515

Mr. Gatlin has requested a hearing before a three member panel of CAS/AAA arbitrators. Please notify Mr. Gatlin that he has five days to designate an arbitrator pursuant to R-14. USADA will designate its arbitrator within five days of the date of Mr. Gatlin's designation. The administrator can then name the chairman of the panel.

If you have any questions or need additional information, please feel free to contact me. As Mr. Gatlin has been advised in previous correspondence in this matter, he may also contact John Ruger, the USOC Athlete Ombudsman, at 2102 Kalmia Circle, Boulder, Colorado 80304-1912 or by telephone at (888) 284-5383 or by fax at (303) 444-6626.

Sincerely,

Terrence P. Madden
Chief Executive Officer
USADA

cc:     Craig Masback, Executive Director, USA Track & Field
        Richard R. Young, Esq., Holme Roberts & Owen, LLP
        William Bock, Kroger Gardis & Regas
        Gary Johansen, USOC Associate General Counsel
        Harri Syvasalmi, CEO, WADA

        Enclosures:
            1.      The USADA Protocol for Olympic Movement Testing
            2.      The American Arbitration Supplementary Procedures for Arbitration
                    Initiated by the United States Anti-Doping Agency



# UNITED STATES ANTI-DOPING AGENCY
## PROTOCOL FOR OLYMPIC MOVEMENT TESTING

1. **USADA's Relationship with the United States Olympic Committee ("USOC")**
   USADA is an independent legal entity not subject to the control of the USOC. The USOC has contracted with USADA to conduct drug testing and results management for participants in the Olympic movement within the United States and to provide educational information to those participants. For purposes of transmittal of information by USADA, the USOC is USADA's client. However, the USOC has authorized USADA to transmit information simultaneously to the relevant National Governing Body ("NGB"), International Federation ("IF") the World Anti-Doping Agency ("WADA") and involved athlete.

2. **Athletes Subject to Testing by USADA**
   The USOC and NGBs have authorized USADA to test the following athletes:

   a. Any athlete who is a member of a NGB;

   b. Any athlete participating at a competition sanctioned by the USOC or a NGB;

   c. Any foreign athlete who would otherwise be subject to testing by USADA, the USOC or NGB; or

   d. Any other athlete who has given his/her consent to testing by USADA.

   e. Any athlete who has been named by the USOC or an NGB or is competing in a qualifying event to represent the USOC or NGB in international competition.

   USADA will not allow the testing process to be used to harass any athlete. In selecting athletes for testing, USADA will focus primarily on athletes who are participating or have the potential to participate, in international competition.

3. **Choice of Rules**
   In conducting drug testing and results management under this protocol, USADA will look to the following sources of rules:

   a. The selection and collection procedures set forth in paragraphs 4, 5 & 6 herein shall apply to all testing done by USADA unless different

procedures are agreed to between USADA and the party requesting the test for a particular event.

b. All tests performed by USADA shall be analyzed by IOC-accredited laboratories. In analyzing samples for USADA, those laboratories shall follow the standards established by the IOC.

c. Tests performed by USADA shall be analyzed for the categories of prohibited and restricted substances set forth in the rules of the applicable IF unless agreed otherwise between USADA and the party ordering the test.

d. USADA shall be responsible for results management of all tests performed by it and all other tests for which the applicable IF rules require the initial adjudication to be done by an NGB, including adjudication of reported positive cases as set forth in paragraph 9 herein, unless otherwise referred by USADA to a foreign sports organization having jurisdiction over the athlete.

4. **Selection of Athletes to be Tested In-Competition**
USADA shall have the authority to determine which athlete will be selected for testing in all competitions tested by USADA. In making this determination, USADA will normally follow NGB or IF selection procedures and will include at a minimum the selection formulas or requests for target selection of particular athletes which are proposed by the USOC or a particular NGB or IF. USADA retains the right to test any athlete that it chooses with or without cause or explanation.

5. **Selection of Athletes to be Tested Out-of-Competition**
USADA shall have the authority to determine which athletes will be selected for out-of-competition testing by USADA. In making this determination, USADA will carefully consider selection formulas or requests for target selection of particular athletes which are proposed by the USOC or a particular NGB. USADA retains the right to test any athlete that it chooses, with or without cause or explanation.

Each NGB will provide USADA with a regularly updated list of athletes to have included in No Advance Notice or other out-of-competition testing. With respect to each athlete on such list and such additional athletes as may be designated by USADA, the NGB will provide USADA with the information as set forth on the athlete location form attached as Annex A. Thereafter it shall be the responsibility of each individual athlete to provide USADA with updated information as to his or her whereabouts.

6. **Sample Collection**
Sample collection by USADA will substantially conform to the standards set forth by the IOC and the World Anti-Doping Agency.

7. **Laboratory Analysis**
All samples collected by USADA will be sent for analysis only to IOC-accredited laboratories.

8. **Notification**
USADA will provide the following notification with respect to each laboratory report received by USADA:

   a.   Upon receipt of a negative laboratory report, USADA will promptly forward that result to the athlete, the USOC and the applicable NGB.

   b.   Upon receipt of a positive laboratory A report or a report indicating an elevated testosterone/epitestosterone ratio or epitestosterone concentration, USADA will promptly notify the USOC, the applicable NGB and athlete at the address on the Doping Control Notification/Signature Form and shall advise the athlete of the date on which the laboratory will conduct the B sample analysis. The athlete may attend the B sample analysis accompanied by a representative at his or her own expense. Prior to the B sample opening, USADA shall provide to the athlete the A sample laboratory documentation set forth on <u>Annex B</u>. A sample shall not be considered positive until after the B sample analysis confirms the A sample analysis.

   c.   Upon receipt of the laboratory's B sample report, USADA shall promptly notify the USOC, the applicable NGB and the athlete. USADA shall then provide to the athlete the B sample documentation package set forth on <u>Annex C</u>. The laboratory shall not be required to produce any documentation in addition to Annexes B and C unless ordered to do so by an arbitrator(s) during adjudication, in which case it shall be produced at the athlete's expense.

   d.   In special circumstances where USADA is conducting testing for an IF, regional or continental sports organization or other Olympic movement sporting body, other than the USOC or an NGB, the notification described in this section shall be made exclusively to that sporting body, the athlete, and, if applicable, to the USOC and NGB.

9. **Results Management**

Whenever USADA receives a laboratory report confirming a positive test, elevated testosterone or epitestosterone ratio or epitestosterone concentration, or when USADA has other reason to believe that a doping violation has occurred, such as admitted doping, refusal to test or trafficking under the rules of the applicable IF, then USADA shall address that case through the following results management procedures:

a.  USADA ANTI-DOPING REVIEW BOARD

The USADA Anti-Doping Review Board ("Review Board") is a group of experts independent of USADA with medical, technical and legal knowledge of anti-doping matters. The Review Board members shall be appointed for two year terms by the USADA Board of Directors. The Review Board shall review all B sample test results reported by the laboratory as analytically positive or elevated in accordance with section i below. Such review shall be undertaken by between three and five Review Board members appointed in each case by USADA's Chief Executive Officer and composed of at least one technical, one medical and one legal expert.

   i.  Upon USADA's receipt of a laboratory report identifying an analytically positive or elevated B test result, the following steps shall be taken:

      (1) USADA's Chief Executive Officer shall appoint a Review Board as provided in Section (a) above.

      (2) The athlete shall be promptly notified of the date by which the athlete shall submit any written materials, through USADA, to the Review Board for its consideration. The athlete shall also be provided the name and telephone number of the Athlete Ombudsman.

      (3) The Review Board shall be provided the laboratory documentation and any additional information which USADA deems appropriate. Copies of this information shall be provided simultaneously to the athlete and the athlete shall be entitled to file a response with the Review Board.

      (4) The Review Board shall be entitled to request additional information from either USADA or the athlete.

(5)　Notwithstanding the forgoing, the process before the Review Board shall not be considered a "hearing." The Review Board shall only consider written submittals. Submittals to the Review Board shall not be used in any further hearing or proceeding without the consent of the party making the submittal. The Review Board's recommendations shall not be admissible in any further hearing or proceeding.

(6)　The Review Board shall consider the written information submitted to it and shall, by majority vote, make a recommendation to USADA with a copy to the athlete whether or not there is sufficient evidence of doping to proceed to a hearing.

(7)　USADA shall also forward the Review Board's recommendation to the USOC, the applicable NGB and IF and WADA.

b.　ADJUDICATION

i.　Following receipt of the Review Board Recommendation, USADA shall notify the athlete in writing whether USADA considers the matter closed or alternatively what specific charges or alleged violations will be adjudicated and what sanction, consistent with IF rules, USADA is seeking to have imposed (and other possible sanctions which could be imposed under the applicable IF rules). The notice shall also include a copy of the USADA Protocol for Olympic Sport Testing and the Modifications to AAA Commercial Rules. Within ten (10) days following such notice, the athlete must notify USADA if he or she desires a hearing to contest the sanction sought by USADA. If the sanction is not contested, then it shall be communicated by USADA to the USOC, the applicable NGB and IF and WADA and thereafter imposed by the NGB. If the sanction is contested by the athlete, then a hearing shall be conducted pursuant to the procedure set forth below.

ii.　The hearing will take place before the American Arbitration Association ("AAA") using a single arbitrator (or a three arbitrator panel if demanded by either of the parties) selected from a pool of the North American Court of Arbitration for Sport ("CAS") Arbitrators who shall also be AAA Arbitrators. The hearing will take place in the U.S., be administered by the AAA Vice President who is also the administrator for the Decentralized Office of CAS in the Americas (the "Administrator"), and be conducted under modified AAA Commercial Rules attached as Annex D. The parties will be

USADA and the athlete. USADA shall also invite the applicable IF to participate either as a party or as an observer. For their information only, notice of the hearing date shall also be sent to the USOC, the applicable NGB and WADA.

iii.   Either the athlete or the IF (whether a party or not) shall be entitled to appeal the AAA arbitrator(s) decision to CAS. A CAS appeal shall be filed with the Administrator and the CAS hearing will automatically take place in the U.S. Otherwise the regular CAS appellate rules apply. The decision of CAS shall be final and binding on all parties and shall not be subject to further review or appeal.

iv.   The athlete, within ten (10) days following the Notice described in section (i) above, shall be entitled, at his or her option, to elect to bypass the hearing described in section (ii) above and proceed directly to a single final hearing before CAS conducted in the United States. The CAS decision shall be final and binding on all parties and shall not be subject to further review or appeal.

v.   In all hearings conducted pursuant to this procedure the applicable IF's categories of prohibited substances, definition of doping and sanctions shall be applied. In the event an IF's rules are silent on an issue, the rules set forth in the Olympic Movement Anti-Doping Code shall apply. Notwithstanding the foregoing; (a) The IOC laboratories used by USADA shall be presumed to have conducted testing and custodial procedures in accordance to prevailing and acceptable standards of scientific practice. This presumption can be rebutted by evidence to the contrary, but the accredited laboratory shall have no onus in the first instance to show that it conducted the procedures other than in accordance with its standard practices conforming to any applicable IOC requirements; (b) minor irregularities in sample collection, sample testing or other procedures set forth herein which cannot reasonably be considered to have effected the results of an otherwise valid test or collection shall have no effect on such results; and (c) if contested, USADA shall have the burden of establishing the integrity of the sample collection process, the chain of custody of the sample, and the accuracy of laboratory test results by clear and convincing evidence unless the rules of the applicable IF set a higher standard.

vi.    All administrative costs of the USADA review and adjudication process will be borne by USADA except the CAS appeal fee which will be refunded to the athlete by USADA should the athlete prevail on appeal.

vii.    The results of all hearings shall be communicated by USADA to the athlete, the USOC, the applicable NGB and IF and WADA. The NGB shall impose any sanction resulting from the adjudication process. The NGB shall not impose any sanctions until after the athlete has had the opportunity for a hearing pursuant to section 9(b)ii or 9(b) iv.

10.    Ownership and Use of Samples

All samples collected by USADA shall be the property of USADA. USADA may authorize the use of negative samples for research; however, in such event all markings on the sample which identify the sample as coming from a particular athlete shall be obliterated.

11.    Confidentiality

Except for the notifications to the USOC, NGB, IF and WADA (or other sporting body ordering the test) as otherwise provided in this protocol, USADA shall not publicly disclose an athlete's positive test result or other alleged doping violation until after the athlete has been found to have committed a doping violation in a hearing conducted under either article 9(b)(ii) or 9(b)(iv) above. USADA may release aggregate statistics of testings and adjudication results.

12.    Expedited Procedures

USADA may shorten any time period set forth in these procedures where doing so is reasonably necessary to resolve an athlete's eligibility before a protected competition.



# UNITED STATES ANTI-DOPING AGENCY
## ATHLETE LOCATION FORM INSTRUCTIONS
### NOT DUE UNTIL MARCH 1, 2001
### PLEASE READ BEFORE FILLING OUT THE ATHLETE LOCATION FORM

## Athlete Information

This section is for gathering personal information to help the Doping Control Officers correctly identify you.

. NAME: Provide your complete last, first, and middle name.

. GENDER: Check the appropriate box.

. DATE OF BIRTH: Provide the month, day, and year of birth.

. HEIGHT: Provide your height in feet and inches.

. WEIGHT: Provide your weight in pounds.

. CURRENT ADDRESS: Provide the address where you will be residing for a majority of the upcoming quarter. Where indicated, provide the street, apartment number, city, state or province, zip code, and country if other than the U.S.. Also, be sure to provide your e-mail address, home telephone number, cell phone number, and, a fax number where you can be reached.

. NATIONAL GOVERNING BODY: Provide the full name of the national governing body to which you belong, and your discipline. For example, if you compete in the sport of cross country skiing, your national governing body would be the U.S. Ski and Snowboard Association and your discipline would be cross country skiing.

## Daily Schedule

This section is for gathering information concerning your daily schedule. This information will assist our Doping Control Officers in their effort to locate you during the week. *We realize that it is difficult to know where you will be for each day of the upcoming quarter, but your best estimate will help significantly.*

.. Primary Training Facility (if not applicable, write N/A and leave the schedule blank)

. FACILITY NAME: Provide the full name of the facility where you will do <u>most</u> of your training during the upcoming quarter.

. FACILITY ADDRESS: Provide the address of the facility where you will do <u>most</u> of your training during the upcoming quarter. This includes the street, city, and state.

0. PRIMARY TRAINING
FACILITY SCHEDULE (X): Provide the times during the day when you will typically be training at your primary training facility during the upcoming quarter. Fill in all empty boxes on the schedule with "N/A". Please refer to the following example:

If Susan the swimmer trains at her primary training facility Monday through Friday from 5 a.m. to 8 a.m. and then again from 1 p.m. to 4 p.m., she would fill out the schedule as follows:

| Day | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| A.M. | N/A | 5:00 – 8:00 | 5:00 – 8:00 | 5:00 – 8:00 | 5:00 – 8:00 | 5:00 – 8:00 | N/A |
| P.M. | N/A | 1:00 – 4:00 | 1:00 – 4:00 | 1:00 – 4:00 | 1:00 – 4:00 | 1:00 – 4:00 | N/A |

. Secondary Training Facility (if not applicable, write N/A and leave the schedule blank)

. FACILITY NAME: Provide the full name of the facility where you will spend the <u>second most</u> time training during the upcoming quarter.

. FACILITY ADDRESS: Provide the address of the facility where you will spend the <u>second most</u> time training during the upcoming quarter. This includes the street, city, and state.

. SECONDARY TRAINING
FACILITY SCHEDULE (Y): Provide the times during the day when you will typically be training at your secondary training facility during the upcoming quarter. Fill in all empty boxes on the schedule with "N/A". Please refer to the following example:

If Susan the swimmer trains at her secondary training facility Saturday and Sunday from 10 a.m. to 2 p.m., she would fill out the schedule as follows:

| Day | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| A.M. | 10:00 - | N/A | N/A | N/A | N/A | N/A | 10:00 - |
| P.M. | 2:00 | N/A | N/A | N/A | N/A | N/A | 2:00 |

Residence
. RESIDENCE SCHEDULE (Z): Provide the times during the day when you will typically be at the current address you provided above for #6. Fill in all empty boxes on the schedule with "N/A". Please refer to the following example:

If Susan the swimmer is at her residence whenever she is not at one of her two training facilities, she would fill out the schedule as follows:

| Day | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| A.M. | midnight - 10:00 | 12:00 – 5:00<br>8:00 - noon | 12:00 – 5:00<br>8:00 - noon | 12:00 – 5:00<br>8:00 - noon | 12:00 – 5:00<br>8:00 - noon | 12:00 – 5:00<br>8:00 - noon | midnight - 10:00 |
| P.M. | 2:00 – midnight | noon – 1:00<br>–4:00 - midnight | noon – 1:00<br>:00 - midnight | noon – 1:00<br>4:00 - midnight | noon – 1:00<br>4:00 - midnight | noon – 1:00<br>4:00 - midnight | 2:00 – midnight |

This information will serve to create a more comprehensive picture of where you will be on any given day of the upcoming quarter.

15. NAME:     Provide your complete last, first, and middle name as you did for #1.

16. ADDITIONAL TEMPORARY ADDRESSES (A, B, C, D):     Provide the addresses for any additional residences where you will stay during the upcoming quarter. Also, provide the corresponding training facility address where you will train while you are staying at each residence.

17. COMPETITION SCHEDULE (E):     Provide the name, location, country, and dates of all competitions you will compete in during the upcoming quarter in the spaces provided. Attach additional pages if necessary.

18. QUARTERLY SCHEDULE:     Fill in the schedule with the letter that corresponds to the address where you will be on that day. For example, if you will be at your primary training facility January 1 through January 15, fill in each of those days on the schedule with the letter X. If you will be at your secondary training facility March 5 through March 20, fill in each of those days on the schedule with the letter Y. If you will be at one of the ADDITIONAL TEMPORARY ADDRESSES February 10 through 15, fill in those days on the schedule with the corresponding letter A,B,C, or D. Finally, if you have competitions January 20 through 22, February 1 through 3, and March 22 through 26, fill in each of those days on the schedule with the letter E. Fill in all empty boxes on the schedule with "N/A". For additional assistance, please refer to the following example:

In addition to her primary training facility, secondary training facility, and her residence, Susan the swimmer will be at an additional temporary address February 10 through 15. She also has a competition March 22 through 26. She will fill out the schedule as follows:

| Month | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan 2001 | X | X | X | X | X | Y | Y | Y | X | X | X | X | Y | Y | X | X | X | X | X | Y | Y | X | X | X | X | X | Y | Y | X | X | X |
| Feb 2001 | X | X | Y | Y | X | X | X | X | X | A | A | A | A | A | A | X | Y | Y | X | X | X | X | Y | Y | X | X | X | n/a | n/a | n/a | |
| Mar 2001 | X | X | Y | Y | X | X | X | X | X | Y | Y | X | X | X | X | X | X | Y | Y | X | X | E | E | E | E | E | X | X | X | X | Y |

19. ATHLETE SIGNATURE:     Sign your name and provide the date of your signature.

20. ADDITIONAL PAGES:     FEEL FREE TO ATTACH ADDITIONAL PAGES IF THERE IS INSUFFICIENT ROOM ON THIS FORM FOR YOU TO PROVIDE COMPLETE INFORMATION REGARDING YOUR PERSONAL INFORMATION, DAILY SCHEDULE, OR QUARTERLY SCHEDULE. YOU ARE ALSO ENCOURAGED TO ATTACH WORK SCHEDULES AND CLASS SCHEDULES IF APPLICAPBLE.

21. QUESTIONS:     IF YOU HAVE ANY QUESTIONS ABOUT THE ATHLETE LOCATION FORM THAT CANNOT BE ANSWERED BY TH INSTRUCTION SHEET, FEEL FREE TO CONTACT THE USADA TOLL FREE AT 1-866-601-2632.

FOR INFORMATION ABOUT THE USADA, VISIT US ON THE WEB AT: WWW.USANTIDOPING.ORG

WHEN YOU HAVE COMPLETED THE ATHLETE LOCATION FORM, DOUBLE CHECK THE FORM FOR ACCURACY, AND MAIL OR FAX THE FORM TO THE FOLLOWING ADDRESS:

STEPHANIE BAILEY
UNITED STATES ANTI DOPING AGENCY
1265 LAKE PLAZA DR.
COLORADO SPRINGS, CO 80906

FAX: (719) 785-2001



# UNITED STATES ANTI-DOPING AGENCY

## ATHLETE LOCATION FORM
### QUARTERLY UPDATE:  APRIL 2001 -- JUNE 2001

All information is kept confidential and is solely for the use of the USADA.  Please type or print legibly and be as accurate and thorough as possible.

## Athlete Information

### R.  Residence

1. NAME: _____
   last                                               first                                          middle

2. GENDER:          ☐ MALE          ☐ FEMALE

3. DATE OF BIRTH: _____ / _____ / _____          4. HEIGHT: _____          5. WEIGHT: _____
                       month       day        year                                      feet  inches                                     lbs.

6. CURRENT ADDRESS: _____
                                        street                                                                      apartment number

   _____
   city                                         state/province                                    zip code

   _____
   country (if other than U.S.)                                          e-mail address

   ( _____ )                      ( _____ )                      ( _____ )
   home telephone number          cell phone number               fax number

7. NATIONAL GOVERNING BODY: _____
                                                  sport                                               discipline

Days when you do not train but will be at your residence should be filled in with an R on the Quarterly Schedule - page 2, #18.

## Daily Schedule

We realize that it is difficult for you to know where you will be for each day of the upcoming quarter, but your best estimate will help significantly.

### X.  Primary Training Location

8. FACILITY NAME: _____

9. FACILITY ADDRESS: _____
                                    street                                   city                              state

10. PRIMARY TRAINING LOCATION SCHEDULE:

| Day | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|------|--------|--------|---------|-----------|----------|--------|----------|
| A.M. |        |        |         |           |          |        |          |
| P.M. |        |        |         |           |          |        |          |

Periods when you train according to the above mentioned, should be filled in with an X on the Quarterly Schedule - page 2, #18.

### Y.  Secondary Training Location

11. FACILITY NAME: _____

12. FACILITY ADDRESS: _____
                                      street                                  city                              state

13. SECONDARY TRAINING LOCATION SCHEDULE:

| Day | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|------|--------|--------|---------|-----------|----------|--------|----------|
| A.M. |        |        |         |           |          |        |          |
| P.M. |        |        |         |           |          |        |          |

Periods when you train according to the above mentioned, should be filled in with a Y on the Quarterly Schedule - page 2, #18.

### Z.  Other Regularly Scheduled Activities

14. OTHER REGULARLY SCHEDULED ACTIVITIES SCHEDULE (e.g. work, school, etc.):

| Day | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|------|--------|--------|---------|-----------|----------|--------|----------|
| A.M. |        |        |         |           |          |        |          |
| A.M. |        |        |         |           |          |        |          |
| P.M. |        |        |         |           |          |        |          |
| P.M. |        |        |         |           |          |        |          |

Periods when you regularly participate in other activities other than training according to the above mentioned, should be filled in with a Z on the Quarterly Schedule - page2, #18.



# USADA

# UNITED STATES ANTI-DOPING AGENCY
## ATHLETE LOCATION FORM

**Quarterly Schedule**

15. NAME: _____ last _____ first _____ middle

16. ADDITIONAL TEMPORARY ADDRESSES:

| A. Temporary Residence Address | B. Temporary Residence Address | C. Temporary Residence Address | D. Temporary Residence Address |
|---|---|---|---|
| street | street | street | street |
| city | city | city | city |
| zip code | zip code | zip code | zip code |
| state/province | state/province | state/province | state/province |
| country (if other than U.S.) | country (if other than U.S.) | country (if other than U.S.) | country (if other than U.S.) |

| Temporary Training Address | Temporary Training Address | Temporary Training Address | Temporary Training Address |
|---|---|---|---|
| name of facility | name of facility | name of facility | name of facility |
| street | street | street | street |
| city | city | city | city |
| zip code | zip code | zip code | zip code |
| state/province | state/province | state/province | state/province |
| country (if other than U.S.) | country (if other than U.S.) | country (if other than U.S.) | country (if other than U.S.) |

*sample*

## 17. COMPETITION SCHEDULE:

| E. Competition | Location | Country | Dates |
|---|---|---|---|
| name of competition | city | state/province | country (if other than U.S.) | starting date | ending date |
| name of competition | city | state/province | country (if other than U.S.) | starting date | ending date |
| name of competition | city | state/province | country (if other than U.S.) | starting date | ending date |

## 18. QUARTERLY SCHEDULE:

| Month | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Apr 2001 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | n/a |
| May 2001 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jun 2001 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | n/a |

19. ATHLETE SIGNATURE: _____ name _____ date _____



**PLEASE READ BEFORE FILLING OUT THE ATHLETE CHANGE OF PLAN FORM**

Use this form only when you need to update your April 2001 – June 2001 athlete location form.

## Athlete Information

1. NAME:                              Provide your complete last, first, and middle name.

2. CURRENT ADDRESS:                   Provide the address where you will be residing for a majority of the upcoming quarter. Where indicated, provide the street, apartment number, city, state or province, zip code, and country if other than the United States. Also, be sure to provide your home telephone number, cell phone number, and a fax number where you can be reached.

3. NATIONAL GOVERNING BODY:           Provide the full name of the national governing body to which you belong, and your discipline. For example, if you compete in the sport of cross country skiing, your national governing body would be the U.S. Ski and Snowboard Association and your discipline would be cross country skiing.

## Schedule Updates

4. ADDITIONAL TEMPORARY
   ADDRESSES:                         Provide the addresses, and dates for all additional residences where you will stay during the upcoming quarter. Also, provide the corresponding training facility address where you will train while you are staying at each residence.

5. COMPETITION SCHEDULE (E):          Provide the name, location, and dates of all competitions you will compete in during the upcoming quarter in the spaces provided.

6. ATHLETE SIGNATURE:                 Sign your name and provide the date of your signature.

WHEN YOU HAVE COMPLETED THE ATHLETE CHANGE OF PLAN FORM, DOUBLE CHECK THE FORM FOR ACCURACY, AND MAIL OR FAX THE FORM TO THE FOLLOWING ADDRESS:

STEPHANIE BAILEY
UNITED STATES ANTI DOPING AGENCY
1265 LAKE PLAZA DR.
COLORADO SPRINGS, CO 80906

FAX: (719) 785-2001



# UNITED STATES ANTI-DOPING AGENCY
## ATHLETE LOCATION FORM

**Quarterly Schedule**

15. NAME: _____ _____ _____
    first    last    middle

16. ADDITIONAL TEMPORARY ADDRESSES:

### A.
Temporary Residence Address
- street
- city    state/province
- zip code    country (if other than U.S.)

Temporary Training Address
- name of facility
- street
- city    state/province
- zip code    country (if other than U.S.)

### B.
Temporary Residence Address
- street
- city    state/province
- zip code    country (if other than U.S.)

Temporary Training Address
- name of facility
- street
- city    state/province
- zip code    country (if other than U.S.)

### C.
Temporary Residence Address
- street
- city    state/province
- zip code    country (if other than U.S.)

Temporary Training Address
- name of facility
- street
- city    state/province
- zip code    country (if other than U.S.)

### D.
Temporary Residence Address
- street
- city    state/province
- zip code    country (if other than U.S.)

Temporary Training Address

17. COMPETITION SCHEDULE:

### E.

| Competition | Location | Country | Dates |
|---|---|---|---|
| name of competition | city | | starting date    ending date |
| name of competition | city | | starting date    ending date |
| name of competition | city | | starting date    ending date |

18. QUARTERLY SCHEDULE:

| Month | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Apr 2001 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | n/a |
| May 2001 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jun 2001 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | n/a |

19. ATHLETE SIGNATURE: _____
    name



# UNITED STATES ANTI-DOPING AGENCY
# ATHLETE CHANGE OF PLAN FORM INSTRUCTIONS

### PLEASE READ BEFORE FILLING OUT THE ATHLETE CHANGE OF PLAN FORM
#### Use this form only when you need to update your April 2001 – June 2001 athlete location form.

## Athlete Information

1. NAME:      Provide your complete last, first, and middle name.

2. CURRENT ADDRESS:      Provide the address where you will be residing for a majority of the upcoming quarter. Where indicated, provide the street, apartment number, city, state or province, zip code, and country if other than the United States. Also, be sure to provide your home telephone number, cell phone number, and a fax number where you can be reached.

3. NATIONAL GOVERNING BODY:      Provide the full name of the national governing body to which you belong, and your discipline. For example, if you compete in the sport of cross country skiing, your national governing body would be the U.S. Ski and Snowboard Association and your discipline would be cross country skiing.

## Schedule Updates

4. ADDITIONAL TEMPORARY ADDRESSES:      Provide the addresses, and dates for all additional residences where you will stay during the upcoming quarter. Also, provide the corresponding training facility address where you will train while you are staying at each residence.

5. COMPETITION SCHEDULE (E):      Provide the name, location, and dates of all competitions you will compete in during the upcoming quarter in the spaces provided.

6. ATHLETE SIGNATURE:      Sign your name and provide the date of your signature.

WHEN YOU HAVE COMPLETED THE ATHLETE CHANGE OF PLAN FORM, DOUBLE CHECK THE FORM FOR ACCURACY, AND MAIL OR FAX THE FORM TO THE FOLLOWING ADDRESS:

STEPHANIE BAILEY
UNITED STATES ANTI DOPING AGENCY
1265 LAKE PLAZA DR.
COLORADO SPRINGS, CO 80906

FAX: (719) 785-2001



# UNITED STATES ANTI-DOPING AGENCY
## ATHLETE CHANGE OF PLAN FORM

### QUARTERLY UPDATE: APRIL 2001 -- JUNE 2001

All information is kept confidential and is solely for the use of the USADA. Please type or print legibly and be as accurate and thorough as possible.

## Athlete Information

1. NAME: _____
   last                                        first                                        middle

2. CURRENT ADDRESS: _____
   street                                                                        apartment number

   _____
   city                                        state/province                        zip code

   _____
   country (if other than U.S.)                        e-mail address

   ( ____ ) _____        ( ____ ) _____        ( ____ ) _____
   home telephone number        cell phone number        fax number

3. NATIONAL GOVERNING BODY: _____
   sport                                        discipline

## Schedule Updates

4. TEMPORARY ADDRESSES UPDATES:

| Temporary Residence Address | Temporary Residence Address | Temporary Residence Address |
|---|---|---|
| street | street | street |
| city / state/province | city / state/province | city / state/province |
| ie / country (if other than U.S.) | zip code / country (if other than U.S.) | zip code / country (if other than U.S.) |
| starting date / ending date | starting date / ending date | starting date / ending date |
| Temporary Training Address | Temporary Training Address | Temporary Training Address |
| name of facility | name of facility | name of facility |
| street | street | street |
| city / state/province | city / state/province | city / state/province |
| zip code / country (if other than U.S.) | zip code / country (if other than U.S.) | zip code / country (if other than U.S.) |
| starting date / ending date | starting date / ending date | starting date / ending date |

5. COMPETITION SCHEDULE UPDATES:

| E. Competition | Location | | | Dates | |
|---|---|---|---|---|---|
| name of competition | city | state/province | country | starting date | ending date |
| name of competition | city | state/province | country | starting date | ending date |
| name of competition | city | state/province | country | starting date | ending date |
| name of competition | city | state/province | country | starting date | ending date |
| d of competition | city | state/province | country | starting date | ending date |

6. ATHLETE SIGNATURE: _____
   signature                                        date of signature

# ANNEX B

The following documents will accompany the initial notification to the athlete of a positive "A" sample analysis:

1.  A standardized notice setting forth the review procedures, athlete's rights, and contact information for the USOC Athlete Ombudsman.

2.  Notification of the prohibited substance at issue which could result in a doping violation. In those cases where an administrative threshold concentration is employed, that threshold will be noted. When possible, the degree to which the athlete's sample exceeds the threshold will be reported.

3.  An abbreviated analytical report for the "A" confirmation analysis. The abbreviated data should include applicable analytical confirmation technique (e.g., gas chromatography/mass spectrometric) graphical data for negative control urine, a positive control urine (including quantitative data where relevant), and the athlete's sample. The purpose of this data is to allow the athlete or their representative to determine a course of action. It is understood that due to time constraints involved, there is typically less time to review and organize this data prior to transmittal than with the documentation package to accompany the "B" sample which will also address documents related to the "A" analysis.

ANNEX C

The following documentation will be supplied as the standard documentation package.

Table of contents/Sample identification information
    Organization requesting the test
    Date of sample collection and site identification
    USADA sample identification number
    Laboratory sample identification number
Chain of custody documentation fro sample container
    Doping Control Notification form (Laboratory copy)
    Transportation chain of custody (e.g., courier documentation, laboratory receipt of container)
    Notices of any irregularities (e.g., memoranda for the record)
    "A" sample container chain(s) of custody
"A" Sample Screening Results
    Relevant aliquot chain(s) of custody
    Screening procedure data, including chromatograms (or other relevant data), for
        Negative control urine
        Positive control urine (with concentration indicated, if relevant)
        Sample urine aliquot(s)
"A" Sample Confirmation Results
    Summary of the analytical principles of the confirmation method
    Aliquot chain of custody
    Sequence verification data
    Confirmation procedure data, including chromatograms (or other relevant data), for
        Negative control urine
        Positive control urine (with concentration indicated, if relevant)
        Standard(s)/calibrator(s) (if relevant)
        Sample urine aliquot(s)
        Analytical run instrument validation data (e.g.; tune data)
    "A" sample report (including numerical data for threshold substances*)
        pH, Specific Gravity, and other urine integrity test results (if applicable, including abnormal appearance of sample) performed in laboratory.
"B" Sample Confirmation Results
    "B" sample container chain(s) of custody
    Summary of the analytical principles of the confirmation method (if different than "A")
    Aliquot chain of custody
    Sequence verification data
    Confirmation procedure data, including chromatograms (or other relevant data), for
        Negative control urine
        Positive control urine (with concentration indicated, if relevant)
        Standard(s)/calibrator(s) (if relevant)
        Sample urine aliquot(s)
    Analytical run instrument validation data (e.g., tune data)
    "B" sample report (including numerical data for threshold substances*)
Reports and Correspondence
    All facsimiles or letters related to analysis and reporting of sample results

*For threshold substances, an estimate of the ratio or concentration or an estimate of the concentration relative to the threshold (i.e. 20 times the threshold concentration) is deemed acceptable.

#89681 v1

## Modifications to AAA Commercial Rules Applicable
## to Doping Hearings Conducted by the United States Anti-Doping Agency ("USADA")

R-2.    Doping cases shall be administered by the AAA through the AAA Vice President then serving as the Secretary for the North American/Central American/Caribbean Islands Decentralized Office of The Court of Arbitration for Sport or his/her designee (the "Administrator").

R-3.    The Panel of Arbitrators for doping cases shall consist of the North American Court of Arbitration of Sport ("CAS") Arbitrators who shall also be AAA Arbitrators (the "Arbitrator Pool").

R-4.    Arbitration proceedings shall be initiated by USADA by sending a notice to the athlete and the Administrator which sets forth the sanction, consistent with the applicable International Federation rules, which USADA is seeking to have imposed and other possible sanctions which could be imposed under the applicable International Federation rules. The notice shall also advise the athlete of the name and telephone number of the Athlete Ombudsman and shall include a copy of the USADA Protocol for Olympic Sport Testing and the Modifications to AAA Commercial Rules. The parties to the proceeding shall be USADA and the athlete. The applicable International Federation shall also be invited to join in the proceeding as a party or as an observer.

R-7.    The applicable procedure shall be the regular procedure (as opposed to the Expedited or Complex procedures) set forth in the AAA Commercial Arbitration Rules.

R-9.    The reference to mediation shall be deleted.

R-11.   The locale of the arbitration shall be in the United States at a location determined by the Administrator using criteria established by the AAA. .

R.12.   Delete R-12(b). Party-appointed arbitrators are expected to be neutral and may be disqualified for the reasons set forth in R-19.

R-13.   The time limit for striking names and returning the list of arbitrators shall be five days instead of 15 days. Delete (c) and replace with the following: Within 5 days following the completion of the arbitrator selection process set forth in R-12(a) and (b), either party may elect instead to have the matter heard by a panel of three arbitrators. Any party so electing shall designate one arbitrator from the Arbitrator Pool within such 5 day period. The other party shall have an additional 5 days to designate an arbitrator from the Arbitrator Pool. A third arbitrator from the Arbitration Pool, who will not be from the original list, shall be designated by the Administrator as the chairman of the panel.

R-24.    Except as may be mutually agreed by the parties or upon the request of a single party for good cause as may be determined by the arbitrator, the hearing, including any briefing ordered by the arbitrator, shall be completed within three months of the appointment of the arbitrator. On good cause shown by any party, the hearing process shall be expedited as may be necessary in order the resolve the determination of an athlete's eligibility prior to any protected competition or team selection for a protected competition.

R-25.    At the arbitrator's discretion, hearings may also be conducted telephonically.

R-33(e).  New Rule: In all hearings conducted pursuant to these rules, the applicable International Federation's categories of prohibited substances, definition of doping and sanctions shall be applied. In the event an IF's rules are silent on an issue, the rules set forth in the Olympic Movement Anti-Doping Code shall apply. IF and Code rules may be mitigated, as appropriate, by the principles set forth in the decisions of CAS. Notwithstanding the foregoing, (a) The IOC laboratories used by USADA shall be presumed to have conducted testing and custodial procedures in accordance to prevailing and acceptable standards of scientific practice. This presumption can be rebutted by evidence to the contrary, but the accredited laboratory shall have no onus in the first instance to show that it conducted the procedures other than in accordance with its standard practices conforming to any applicable IOC requirements; (b) laboratories shall only be required to produce the documentation provided for in USADA's Protocol for Olympic Sport Testing unless the arbitrator finds that the athlete has a compelling need for additional information. In such event, the cost from the laboratory of providing the additional information shall be borne by the athlete; (c) minor irregularities in sample collection, sample testing or other procedures set forth herein which cannot reasonably be considered to have effected the results of an otherwise valid test or collection shall have no effect on such results; and (d) if contested, USADA shall have the burden of establishing the integrity of the sample collection process, the chain of custody of the sample, and the accuracy of laboratory test results by clear and convincing evidence unless the rules of the applicable IF set a higher standard.

R-38.    The 30 day period for re-opening a hearing shall be reduced to 10 days.

R-43.    The 30 day period given to the arbitrator for rendering an award shall be reduced to 10 days.

R-44.    In all cases, the arbitrator shall render a reasoned award.

R-45.    All fees and expenses payable to the AAA, the arbitrator or for witnesses or proof produced at the direct request of the arbitrator shall be paid solely by USADA.

R-48.     The time periods provided for seeking modification of the award shall be reduced to 5 days.

R-49.     The AAA shall also furnish copies of documents required in connection with CAS proceedings.

R-49A.    New Rule: The arbitration award may be appealed to CAS by either the athlete or by the applicable International Federation (whether or not a party). Notice of appeal shall be filed with the Administrator within the time period provided in the CAS appellate rules. Appeals to CAS filed under these rules shall be heard in the United States. The decisions of CAS shall be final and binding on all parties and shall not be subject to any further review or appeal except as permitted by the Swiss Federal Judicial Organization Act or the Swiss statute on private international law.

R-57.     New Rule: Notwithstanding the foregoing, any athlete, within 10 days following the date of the notice described in R-4 above, shall be entitled, at his or her option, to elect to bypass the hearing process described above and proceed directly to a single final hearing before CAS, which hearing will be conducted in the United States. The CAS decision shall be final and binding and shall not be subject to further review or appeal except as permitted by the Swiss Federal Judicial Organization Act or the Swiss statute on private international law.

# COMMERCIAL ABRITATION RULES

## R-1. Agreement of Parties*

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply in the form in effect at the time the demand for arbitration or submission agreement is received by the AAA. The parties, by written agreement, may vary the procedures set forth in these rules..

*A dispute arising out of an employment relationship will be administered under the AAA's National Rules for the Resolution of Employment Disputes, unless all parties agree otherwise after the commencement of AAA administration.

## R-2. AAA and Delegation of Duties

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

## R-3. National Panel of Arbitrators

The AAA shall establish and maintain a National Panel of Commercial Arbitrators and shall appoint arbitrators as provided in these rules. The term "arbitrator" in these rules refers to the arbitration panel, whether composed of one or more arbitrators and whether the arbitrators are neutral or party-appointed.

## R-4. Initiation under an Arbitration Provision in a Contract

(a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

    i.    The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party, (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.

    ii.    The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included in these rules.

    iii.    The AAA shall confirm notice of such filing to the parties.

(b) A respondent may file an answering statement in duplicate with the AAA within 15 days after confirmation of notice of filing of the demand is sent by the AAA. The respondent shall, at the time of any such filing, send a copy of the answering statement to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. If a counterclaim is made, the party making the counterclaim shall

forward to the AAA with the answering statement the appropriate fee provided in the schedule included with these rules.

(c) If no answering statement is filed within the stated time, respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

(d) When filing any statement pursuant to this section, the parties are encouraged to provide descriptions of their claims in sufficient detail to make the circumstances of the dispute clear to the arbitrator.

## R-5. Initiation under a Submission

Parties to any existing dispute may commence an arbitration under these rules by filing at any office of the AAA two copies of a written submission to arbitrate under these rules, signed by the parties. It shall contain a statement of the nature of the dispute, the names and addresses of all parties, any claims and counterclaims, the amount involved, if any, the remedy sought, and the hearing locale requested, together with the appropriate filing fee as provided in the schedule included with these rules. Unless the parties state otherwise in the submission, all claims and counterclaims will be deemed to be denied by the other party.

## R-6. Changes of Claim

After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the AAA. The party asserting such a claim or counterclaim shall provide a copy to the other party, who shall have 15 days from the date of such transmission within which to file an answering statement with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

## R-7. Applicable Procedures

Unless the parties of the AAA in its discretion determines otherwise, the Expedited Procedures shall be applied in any case where no disclosed claim or counterclaim exceeds $75,000, exclusive of interest and arbitration costs. Parties may also agree to use the Expedited Procedures in cases involving claims in excess of $75,000. The Expedited Procedures shall be applied as described in Sections E-1 through E-10 of these rules, in addition to any other portion of these rules that is not in conflict with the Expedited Procedures. All other cases shall be administered in accordance with Sections R-1 through R-56 of these rules.

## R-8. Jurisdiction

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity or the arbitration agreement.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

(c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

### R-9. Mediation

At any stage of the proceedings, the parties may agree to conduct a mediation conference under the Commercial Mediation Rules in order to facilitate settlement. The mediator shall not be an arbitrator appointed to the case. Where the parties to a pending arbitration agree to mediate under the AAA's rules, no additional administrative fee is required to initiate the mediation.

### R-10. Administrative Conference

At the request of any party or upon the AAA's own initiative, the AAA may conduct an administrative conference, in person or by telephone, with the parties and/or their representatives. The conference may address such issues as arbitrator selection, potential mediation of the dispute, potential exchange of information, a timetable for hearings and any other administrative matters. There is no administrative fee for this service.

### R-11. Fixing of Locale

The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within 15 days after notice of the request has been sent to it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale, and its decision shall be final and binding.

### R-12. Qualifications of an Arbitrator

(a) Any neutral arbitrator appointed pursuant to Section R-13, R-14, R-15, or E-5, or selected by mutual choice of the parties or their appointees, shall be subject to disqualification for the reasons specified in Section R-19. If the parties specifically so agree in writing, the arbitrator shall not be subject to disqualification for those reasons.

(b) Unless the parties agree otherwise, an arbitrator selected unilaterally by one party is a party-appointed arbitrator and is not subject to disqualification pursuant to Section R-19.

### R-13. Appointment from Panel

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

(a) Immediately after the filing of the submission or the answering statement or the expiration of the time within which the answering statement is to be filed, the AAA shall send simultaneously to each party to the dispute an identical list of names of persons chosen from the panel. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

(b) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

3

(c) Unless the parties have agreed otherwise no later than 15 days after the commencement of an arbitration, if the notice of arbitration names two or more claimants or two or more respondents, the AAA shall appoint all the arbitrators.

## R-14. Direct Appointment by a Party

(a) If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the panel from which the party may, if it so desires, make the appointment.

(b) If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

(c) If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## R-15. Appointment of Neutral Arbitrator by Party-Appointed Arbitrators or Parties

(a) If the parties have selected party-appointed arbitrators, or if such arbitrators have been appointed as provided in Section R-14, and the parties have authorized them to appoint a neutral arbitrator within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint a neutral arbitrator, who shall act as chairperson.

(b) If no period of time is specified for appointment of the neutral arbitrator and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointment arbitrator, the AAA may appoint the neutral arbitrator, who shall act as chairperson.

(c) If the parties have agreed that their party-appointed arbitrators shall appoint the neutral arbitrator from the panel, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-13, a list selected from the panel, and the appointment of the neutral arbitrator shall be made as provided in that section.

## R-16. Nationality of Arbitrator

Where the parties are nationals or residents of different countries, the AAA, at the request of any party or on its own initiative, may appoint as a neutral arbitrator a national of a country other than that of any of the parties. The request must be made prior to the time set for the appointment of the arbitrator as agreed by the parties or set by these rules.

## R-17. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators, the dispute shall be heard and determined by one arbitrator, unless the AAA, in its discretion, directs that three arbitrators be appointed. The parties may request three arbitrators in their demand or answer, which request the AAA will consider in exercising its discretion regarding the number of arbitrators appointed to the dispute.

## R-18. Notice to Arbitrator of Appointment

Notice of the appointment of the neutral arbitrator, whether appointed mutually by the parties or by the AAA, shall be sent to the arbitrator by the AAA, together with a copy of these rules, and the signed acceptance of the arbitrator shall be filed with the AAA prior to the opening of the first hearing.

## R-19. Disclosure and Challenge Procedure

    (a) Any person appointed as a neutral arbitrator shall disclose to the AAA any circumstance likely to affect impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

    (b) Upon objection of a party to the continued service of a neutral arbitrator, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be conclusive.

## R-20. Communication with Arbitrator

    (a) No party and no one acting on behalf of any party shall communicate unilaterally concerning the arbitration with a neutral arbitrator or a candidate for neutral arbitrator. Unless the parties agree otherwise or the arbitrator so directs, any communication from the parties to a neutral arbitrator shall be sent to the AAA for transmittal to the arbitrator.

    (b) The parties or the arbitrators may also agree that once the panel has been constituted, no party and no one acting on behalf of any party shall communicate unilaterally concerning the arbitration with any party-appointed arbitrator.

## R-21. Vacancies

    (a) If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with the applicable provisions of these rules.

    (b) In the event of a vacancy in a panel or neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

    (c) In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearing.

## R-22. Preliminary Hearing

    (a) At the request of any party or at the discretion of the arbitrator or the AAA, the arbitrator may schedule as soon as practicable a preliminary hearing with the parties and/or their representatives. The preliminary hearing may be conducted by telephone at the arbitrator's discretion. There is no administrative fee for the preliminary hearing.

    (b) During the preliminary hearing, the parties and the arbitrator should discuss the future conduct of the case, including clarification of the issues and claims, a schedule for the hearings and any other preliminary matters.

R-23. Exchange of Information

(a) At the request of any party or at the discretion of the arbitrator, consistent with the expedited nature of arbitration, the arbitrator may direct (i) the production of documents and other information, and (ii) the identification of any witnesses to be called.

(b) At least five (5) business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing.

(c) The arbitrator is authorized to resolve any disputes concerning the exchange of information.

R-24. Date, Time, and Place of Hearing

The arbitrator shall set the date, time and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

R-25. Attendance at Hearings

The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary. Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person other than a party and its representatives.

R-26. Representation

Any party may be represented by counsel or other authorized representative. A party intending to be so represented shall notify the other party and the AAA of the name and address of the representative at least three days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

R-27. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

R-28. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

R-29. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## R-30. Postponements

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative. A party or parties causing a postponement of a hearing will be charged a postponement fee, as set forth in the administrative fee schedule.

## R-31. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

## R-32. Conduct of Proceedings

(a) The claimant shall present evidence to support its claim. The respondent shall then present evidence to supports is defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

(b) The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

(c) The parties may agree to waive oral hearings in any case.

## R-33. Evidence

(a) The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default or has waived the right to be present.

(b) The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

(c) The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and the client.

(d) An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

## R-34. Evidence by Affidavit and Posthearing Filing of Documents or Other Evidence

(a) The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

(b) If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

## R-35. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## R-36. Interim Measures

(a) The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

(b) Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

(c) A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

** The Optional Rules may be found at the end of this document.

## R-37. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section R-34 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the closing date of the hearing. The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing.

## R-38. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

## R-39. Waiver of the Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been compiled with and who fails to state an objection in writing shall be deemed to have waived the right to object.

## R-40. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

## R-41. Serving of Notice

(a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication.

(c) Unless otherwise instructed by the AAA, or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## R-42. Majority Decision

When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement, a majority of the arbitrators must make all decisions.

## R-43. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

## R-44. Form of Award

(a) Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the manner required by law.

(b) The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

## R-45. Scope of Award

(a) The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

(b) In addition to a final award, the arbitrator may make other decisions including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

(c) In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Section R-51, R-52, and R-53. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

## R-46. Award upon Settlement

If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award."

## R-47. Delivery of Award to Parties
Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

## R-48. Modification of Award
Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto.

## R-49. Release of Documents for Judicial Proceedings
The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of any papers in the AAA's possession that may be required in judicial proceedings related to the arbitration.

## R-50. Applications to Court and Exclusion of Liability
(a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.
(b) Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary party in judicial proceedings relating to the arbitration.
(c) Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.
(d) Neither the AAA nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these rules.

## R-51. Administrative Fees
As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees and service charges to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable.

The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award.

The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fee.

## R-52. Expenses
The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

## R-53. Neutral Arbitrator's Compensation

(a) Unless the parties agree otherwise, members of the National Panel of Commercial Arbitrators appointed as neutrals on cases administered under the Expedited Procedures with claims not exceeding S10,000, will customarily serve without compensation for the first day of service. Thereafter, arbitrators shall receive compensation as set forth herein.

(b) Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation, beginning with the first day of hearing in all cases with claims exceeding $10,000.

(c) If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

(d) Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

## R-54. Deposits

The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

## R-55. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other rules shall be interpreted and applied by the AAA.

## R-56. Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

# American Arbitration Association

Preliminary Hearing Scheduling Order # _____ Case # _____

## REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing was held on _____, before Arbitrator(s) _____. Appearing at the hearing were _____.

_____.

By Agreement of the parties and Order of the Arbitrator(s), the following is now in effect.

1. An additional preliminary hearing shall be held (check one):

   ☐ At _____ on _____, at _____.m. before the Arbitrator(s), or

   ☐ if needed, by mutual agreement later.

2. Pursuant to the direction of the Arbitrator(s), all parties shall amend/specify claims and/ or counterclaims (monetary amounts) and file any motion to join additional parties by

   _____.

3. The parties shall file a stipulation of uncontested facts by _____.

4. a) Pursuant to the direction of the Arbitrator(s), claimant(s) shall serve and file a disclosure of all witnesses reasonably expected to be called by the claimant(s) on or before ____

   _____.

   b) Pursuant to the direction of the Arbitrator(s), respondent(s) shall serve and file a disclosure of all witnesses reasonably expected to be called by the respondent(s) on or before __

   _____.

   c) The disclosure of witnesses shall include the full name of each witness, a short summary of anticipated testimony, copies of any experts reports, and written C.V. of experts. If certain required information is not available, the disclosures shall so state. Each party

Form PH–2/95