## BEFORE THE AMERICAN ARBITRATION ASSOCIATION
### North American Court of Arbitration for Sport Panel

| | |
|---|---|
| Justin Gatlin, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | AAA No. 30 190 00546 01 |
| ) | |
| United States Anti-Doping Agency, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MR. GALTIN'S POSITION ON SUSPENSION

In light of the parties stipulation of facts and rules and after reviewing USADA's Position on Sanctions, Mr. Gatlin hereby respectfully submits his Position on Sanctions in this matter:

### I. POSITION

As a demonstration of his continued good faith efforts to resolve this matter within the USADA Protocol and International Association of Athletics Federation ("IAAF") rules applicable in this matter, Mr. Gatlin conditionally agrees to the two-year suspension proposed by USADA on the express conditions that: (1) this Panel shall retain jurisdiction to reconsider the length, and/or the starting date, of any suspension Mr. Gatlin may ultimately receive if the IAAF Council's reinstatement decision is not satisfactory to Mr. Gatlin or (2) the IAAF has not reduced the two-year suspension within a reasonable period of time following the date of this hearing. In addition, Mr. Gatlin expressly reserves the right to make all arguments to this panel as to why he should receive a substantially less than a two-year suspension should any additional hearings before this panel be necessary.

GATLIN v. UNITED STATES ANTI-DOPING AGENCY INC          Doc. 22 Att. 13

CHICAGO 203265v1 54280-00001

Dockets.Justia.com

Mr. Gatlin firmly believes that he has already served an adequate period of suspension for a number of reasons. First, Mr. Gatlin's offense is at worst a technical violation of the IAAF's rules and not a substantive doping violation. Mr. Gatlin ingested the prohibited substance in accordance with a valid prescription from his treating physician in order to treat his properly diagnosed disability. Mr. Gatlin did not take his prescription with any intent to gain a competitive advantage in his athletic endeavors, and as the independent medical professionals have determined, Mr. Gatlin did not receive any performance enhancing benefits from the use of his prescription medicine. For these reasons, Mr. Gatlin merely failed to adequately declare his use of a prohibited substance prior to a doping test which is a technical breach of the rules -- not a substantive doping violation -- and should, therefore, be treated differently. Moreover, it should be noted that the independent medical panel would recommend that Mr. Gatlin receive a waiver to allow him to compete while taking his medication.

Second, Mr. Gatlin discontinued use of his medication in advance of the competition consistent with all notices from the USATF and USADA. Neither Mr. Gatlin's treating physician, his doctor at the University of Tennessee, USATF, nor USADA ever advised Mr. Gatlin that he needed to discontinue his medication further in advance of a competition. (It should be noted that Mr. Gatlin's medication is not prohibited for out-of-competition use.) Under the circumstances, Mr. Gatlin did not know, nor could he have reasonably known, that discontinuing his medication when he did would result in a violation for the use of a prohibited substance.

Third, upon learning of his positive test result on July 12, 2001, Justin immediately accepted responsibility and voluntarily withdrew from IAAF and USATF

sanctioned events. He has continued to work with the IAAF, USADA and USATF to resolve this matter amicably within the confines of the IAAF's system of strict liability, mandatory minimum penalties and petitions for early reinstatement. Mr. Gatlin's conduct prior to, in the course of, and after the doping test demonstrates that he is an honest, dedicated athlete of complete integrity, and is neither a cheat nor a liar. As a result, any sanction he may receive should reflect these exceptional circumstances and ensure that no such stigma is attached to him.

Fourth, the loss of his three gold medals at the USATF Junior Nationals and the nearly ten month suspension that Mr. Gatlin has served to date is consistent and proportionate with the penalties and suspensions that other athletes have received for similar technical violations or instances where the athlete had no intent to commit a doping violation and no intent to gain a competitive advantage. To impose any greater sanction on Mr. Gatlin would be unfair and unreasonable and contrary to the principles of natural justice inherent in all anti-doping regulations and that must be applied by CAS arbitration panels.

Dated: April 30, 2002

Respectfully submitted,

John P. Collins
JENKINS & GILCHRIST
225 West Washington Street
Suite 2600
Chicago, IL 60606
Telephone: (312) 425-3900
Fax: (312) 425-3909

Attorney for Justin Gatlin

-3-

## CERTIFICATE OF SERVICE

The undersigned certifies that service of the foregoing has been accomplished by serving the foregoing upon the following parties, by ~~overnight mail~~ this 30 day of Apr. 1, 2002:

Ms. Carmen Frobos
American Arbitration Association
2200 Century Parkway, Suite 300
Atlanta, Georgia 30345-3203

# Jenkens & Gilchrist

A PROFESSIONAL CORPORATION

225 WEST WASHINGTON ST.
SUITE 2600
CHICAGO, ILLINOIS 60606

(312) 425-3900
FACSIMILE (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS

DALLAS, TEXAS

HOUSTON, TEXAS

LOS ANGELES, CALIFORNIA

NEW YORK, NEW YORK

PASADENA, CALIFORNIA

SAN ANTONIO, TEXAS

WASHINGTON, D.C.

FROM THE DESK OF:
John P. Collins
(312) 425-8520

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Chris Campbell | | 415-397-3170 | |
| 2. | Edward Lahey | | 860-767-1729 | |
| 3. | Walter Gans | | 212-202-5456 | |
| 4. | Travis Tygert | | 719-633-1518 | |
| 5. | Carmen Frobos | | 404-325-0821 | |

• MESSAGE •

## NOTICE OF CONFIDENTIALITY

The information contained in and transmitted with this facsimile is

1. SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE;
2. ATTORNEY WORK PRODUCT; OR
3. CONFIDENTIAL.

It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated above by the sender is *unauthorized* and *strictly prohibited*. If you have received this facsimile in error, please notify Jenkens & Gilchrist, a professional corporation by telephone at (312) 425-3900 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by U.S. Mail, or if authorization is granted by the sender, destroyed.

Time: 12:48 PM        Date: April 30, 2002        Emp #: 08520        Billing #:        Total Pages (+ Cover):