BEFORE THE AMERICAN ARBITRATION ASSOCIATION

North American Court of Arbitration for Sport Panel

| | |
|---|---|
| United States Anti-Doping Agency,<br><br>                Claimant,<br><br>    v.<br><br>Justin Gatlin,<br><br>                Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Stipulation of Uncontested Facts and Issues Between the United States Anti-Doping Agency and Justin Gatlin

The United States Anti-Doping Agency ("USADA") and Mr. Justin Gatlin ("Mr. Gatlin") stipulate and agree to, for purposes of all proceedings involving USADA urine specimen number 496040, the following:

1. That the USADA Protocol for Olympic Movement Testing ("Protocol") governs the hearing for an alleged doping offense involving USADA specimen number 496040;

2. That the mandatory provisions of the World Anti-Doping Code ("WADA Code") including, but not limited to, the definitions of doping, burdens of proof, Classes of Prohibited Substances and Prohibited Methods, and sanctions, and contained in USADA Protocol at Annex A and the International Association of Athletics Federations ("IAAF") Anti-Doping Rules are applicable to this hearing for the doping offense involving USADA specimen number 496040;

3. That Mr. Gatlin gave the urine sample designated as USADA specimen number 496040 on April 22, 2006, at the Kansas Relays;

GATLIN v. UNITED STATES ANTI-DOPING AGENCY INC

Dockets.Justia.com

4. That each aspect of the sample collection and processing for the A and B bottles of USADA specimen number 496040 was conducted appropriately and without error;

5. That the chain of custody for USADA specimen number 496040 from the time of collection and processing at the collection site to the receipt of the sample by the World Anti-Doping Agency accredited laboratory at the University of California in Los Angeles ("UCLA Laboratory") was conducted appropriately and without error;

6. That the UCLA Laboratory's chain of custody for USADA specimen number 496040 was conducted appropriately and without error;

7. That the UCLA Laboratory, through accepted scientific procedures and without error, accurately determined by carbon isotope ratio analysis the sample positive for the finding of the substance testosterone or its precursors, which are prohibited as androgenic anabolic agents under the applicable rules, in both the A and B bottles of USADA specimen number 496040 ("Positive Test");

8. That Mr. Gatlin agrees that this Positive Test with a finding of the substance testosterone or its precursors in both the A and B bottles of USADA specimen number 496040 is a doping offense in violation of the WADA Code and IAAF Rules;

9. That the parties agree that the period of ineligibility will be a maximum of eight (8) years beginning on August 15, 2006, with credit being given for the time Mr. Gatlin has served a provisional suspension beginning on July 25, 2006. Mr. Gatlin reserves the right to argue for an earlier start date under WADA Code Article 10.8 because his A sample was not reported to him until June 15, 2006.

10. That by accepting the test results finding the presence of "testosterone or its precursors" in both the A and B samples of USADA specimen number 496040, Mr. Gatlin is in no way admitting that the presence of any such substance was the result of any knowing actions by Mr. Gatlin to cause such substances to be present in his body. USADA expressly understands and agrees that Mr. Gatlin expressly reserves his right to argue "exceptional circumstances" as defined under the applicable rules (Articles 10.5.1 and 10.5.2 of the WADA Code), including being able to argue that Mr. Gatlin had "no fault" or that he had "no significant fault;"

11. That Mr. Gatlin will be disqualified from and forfeits any and all competitive results, if any, received on or subsequent to April 22, 2006, the date that USADA specimen number 496040 was collected through the end of his period of ineligibility. Mr. Gatlin reserves his right to argue a different outcome concerning the disqualification of his results under WADA Code Article 10.7 based on his attempt to argue "exceptional circumstances" as defined under the applicable rules (Articles 10.5.1 and 10.5.2 of the WADA Code), including his arguments that Mr. Gatlin had "no fault" or that he had "no significant fault" with respect to the Positive Test;

12. That Mr. Gatlin has and will continue to cooperate with and provide assistance to USADA and expressly reserves his right to argue that he has provided "substantial assistance" as defined under the applicable rules (Article 10.5.3 of the WADA Code);

13. That the eight-year sanction agreed to by the parties is a maximum penalty and that nothing herein shall preclude either USADA from recommending or Mr. Gatlin from seeking a lesser penalty or no penalty. The parties agree that USADA is not obligated to seek a lesser sanction and that USADA may at all times, in all proceedings, argue that eight (8) years is the appropriate sanction. USADA expressly acknowledges and agrees that the maximum penalty

of eight years agreed to by the parties does take into account the facts and circumstances surrounding Mr. Gatlin's positive test as reflected in *USADA v. Gatlin* (AAA 30 190 00546 01), but does not take into account any assistance that Mr. Gatlin may provide to USADA, the IAAF, WADA or any other entity, including the United States government, engaged in the investigation of anti-doping rule violations by athletes, coaches, or others;

14. That Mr. Gatlin reserves the right to contest the eight-year sanction recommended by USADA and if he chooses to do so, will be required to submit the matter to arbitration no later than six (6) months from the date of this stipulation, unless both parties agree there is good cause to extend such deadline (this paragraph supersedes paragraph 10 of the USADA Protocol);

15. That if any entity, other than Mr. Gatlin, makes an appeal from the initial arbitration decision and seeks a period of ineligibility greater than the eight years agreed to by the parties, Mr. Gatlin reserves the right to assert any and all defenses, including any other science-related arguments provided for by the WADA Code;

16. That to the extent it is reasonably able to do so, USADA will provide to Mr. Gatlin documents and information in its possession that are related to Mr. Gatlin's defense of "no fault" or "no significant fault" that, in USADA's discretion, are not confidential to USADA and are otherwise allowed to be disclosed. The documents and information USADA considers confidential include, but is not limited to, attorney work product, attorney-client communications, investigative materials and other case related materials. Mr. Gatlin reserves the right to seek additional documents and information from USADA in any arbitration process.

17. That each party is free to publicly discuss the terms of this stipulation and the facts and issues related to Mr. Gatlin's Positive Test (this paragraph supersedes the USADA Protocol including paragraph 12).

I, Justin Gatlin, acknowledge, understand and agree that the foregoing stipulation will be introduced as evidence in proceedings involving USADA specimen number 496040. I have been informed of my rights and received the advice of counsel, Cameron Myler and Brian Maas, before entering this stipulation.

Agreed to by:

_____  Aug 18 2006
Justin Gatlin                Date

Approved by:

_____
Cameron Myler, Esq.
Attorney for Mr. Gatlin

_____
Brian Maas, Esq.
Attorney for Mr. Gatlin

The United States Anti-Doping Agency acknowledges, understands and agrees that the foregoing stipulation will be introduced as evidence in all proceedings involving USADA specimen number 496040.

Agreed to by:

_____  8/16/06
Travis T. Tygart, General Counsel   Date
United States Anti-Doping Agency
Attorney for USADA

5