BEFORE THE AMERICAN ARBITRATION ASSOCIATION
North American Court of Arbitration for Sports Panel

| | |
|---|---|
| United States Anti-Doping Agency )<br>)<br>Claimant )<br>)<br>v. )<br>)<br>Justin Gatlin, )<br>)<br>Respondent )<br>) | AAA No. 30 190 00170 07 |

We, THE UNDERSIGNED ARBITRATORS, having been designated by the above named parties, and having been duly sworn and having duly heard the proofs and allegations of the parties, have determined the record presented by the parties does not adequately address one issue raised in this matter, specifically regarding the first offence charged against Mr. Gatlin in 2001.

The May 1, 2002 decision in that first offence, did not make a determination of fault. In the Panel's view, a decision on the issue of fault in the first case is critical to its deliberative process. The Panel has no intention of retrying the first case. The Panel is merely looking to fill in the blanks of the first case given its procedural history of not coming to a final decision on the issue of fault.

THEREFORE, IT IS ORDERED

1. The parties shall submit to the Panel herein, all briefs and documents submitted by the parties in the AAA proceeding No. 30 190 00546 01 concerning Mr. Gatlin's first offence.

GATLIN v. UNITED STATES ANTI-DOPING AGENCY INC    Doc. 29 Att. 1

Dockets.Justia.com

2. The parties will produce all information regarding the exemption process in 2001. This would include all documentary or other information about the exemption process or about the dissemination of that information to athletes, coaches and teams prior to June 2001. Moreover, the parties will produce any evidence on how the exemption process was communicated to athletes in general, and Mr. Gatlin in particular, before the June 16, 2001 USA Track and Field Junior National Championships.

3. Either party may seek the assistance of individuals or organizations with knowledge of the notice procedures or of the exemption process, including the USOC, IAAF, USATF and University of Tennessee.

4. The Panel will accept oral testimony of any individual with knowledge concerning how notice was, or was not, provided to athletes about the exemption process in 2001. This would include, but not be limited to testimony from the USOC, IAAF, USATF and the University of Tennessee.

5. The Panel will also accept any arguments and briefing on the issue of whether it is appropriate for the Panel to evaluate the fault level of the first offence.

6. The Panel will also accept any arguments regarding fault in the first case, including, but not limited to, whether the ADA is or should be applicable thereto.

7. Counsel for the parties are requested to provide dates of availability for a teleconference to set the schedule for submission of evidence, for briefing issues set out in paragraphs 5 and 6, above, and for a hearing (either live or telephonic) to take oral testimony and to hear arguments of the parties on the limited issues specified herein.

8. The Order reopening the record shall remain confidential. Except as required to provide the evidence and testimony requested in this Order, the parties, their agents, representatives, assistances, and attorneys are hereby precluded from any further discussion of this case to the media or any other third party, friend, family member or other person, until the final decision in this case is rendered by the Panel. Counsel will be responsible to assure that this order or any proceedings resulting from this order, are not disclosed to or discussed with anyone other than the parties.

_____
Edward T. Colbert, Esq., Chair

_____
Samuel D. Cheris, Esq.

_____ 8/3/07
Christopher L. Campbell, Esq.