BEFORE THE AMERICAN ARBITRATION ASSOCIATION
North American Court of Arbitration for Sport Panel

| | |
|---|---|
| Justin Gatlin ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | AAA No. 30 190 00170 07 |
| ) | |
| United States Anti-Doping Agency ) | |
| ) | |
| Respondent. ) | |

### Justin Gatlin's Response To
### Hearing Panel's August 13, 2007 Order
### Requesting Additional Information

Claimant, Justin Gatlin, by and through his attorneys, Collins & Collins, hereby submits his response to the Hearing Panel's August 13, 2007 Order requesting additional information and states as follows:

1. In its first request, the Hearing Panel requested that the parties submit "all briefs and documents submitted by the parties in the AAA proceeding No. 30 190 00546 01" (hereinafter, AAA proceeding No. 30 190 00546 01 shall be referred to as the "2001 Arbitration.") In September 2007, shortly after the September 11, 2007 conference call in the matter, Arbitrator Campbell distributed to the parties and the Hearing Panel copies of his files from the 2001 Arbitration. Based upon Mr. Gatlin's review of these materials, these documents appear to be a complete set of the documents submitted in the 2001 Arbitration.

2. In its second request, the Hearing Panel requested all documents related to the exemption process in 2001. Section 55.5 of the IAAF Rules stated that "An athlete may request the Anti-doping Commission to grant prior exemption allowing him to take a

GATLIN v. UNITED STATES ANTI-DOPING AGENCY INC     Doc. 29 Att. 4

Dockets.Justia.com

substance normally prohibited under IAAF Rules. Such exemption will only be granted in cases of clear and compelling clinical need. Details of the procedure for such an application are to be found in the "Procedural Guidelines for Doping Control.'" Section Section 5 of the IAAF Procedural Guidelines for Doping Control, a copy of which is attached hereto as Exhibit I[1], stated: "Out-Of-Competition doping control is used as a deterrent for the use of anabolic agents and certain listed hormones, including the substances under the prohibited techniques. Application for exemption of drug use during training is, therefore, needed *only for these substances*." (emphasis added). Thus, for substances like amphetamine, which were not prohibited from out-of-competition use, it was not clear that an exemption was needed or that one would have been granted under IAAF's Rules at the time.

The IAAF's 2001 Control of Drug Abuse rules also provided for early reinstatement. See IAAF Rule 60, the relevant text of which is reprinted in the AAA May 1, 2002 Decision at pp. 5-6. Section 4 of the IAAF Procedural Guidelines for Doping Control set forth the rules by which an athlete, through his National Federation, was to apply for early reinstatement for "exceptional circumstances." See Exhibit I. Notably, those rules only provided for early reinstatement for athletes that provided "substantial assistance." As this Panel is aware, Justin Gatlin applied for and received early reinstatement from the IAAF. A complete set of the documents that Justin Gatlin caused to be submitted to the IAAF as part of his request for early reinstatement are attached hereto and incorporated herein as Exhibit II.

---

[1] New exhibits that are being submitted pursuant to the Panel's August 13, 2007 Order are numbered sequentially using Roman numerals.

To make matters more confusing, in 2001, the NCAA[2] had different exemption rules. (A copy of the 2001 NCAA Drug-testing Exceptions Procedures is attached hereto as Exhibit III.) Under that system, the student-athlete merely needed to disclose his condition and prescription medicine to his university, which was to keep that information on file and then submit it to the NCAA only if the student-athlete later tested positive at an NCAA event. Justin Gatlin fully complied with the NCAA rules.

3. In items 3 and 4 of its August 13, 2007 Order, the Hearing Panel requests information regarding the notice procedures for the exemption process and potential witnesses. These items are discussed extensively in Justin Gatlin's Request for early reinstatement. (*See* Exhibit 3 to Justin Gatlin's Pre-hearing Brief pp. 3-5). In particular, it should be noted that the 2001 USATF Junior Nationals were Justin's first USATF event and that his University of Tennessee coach entered Justin into that event months in advance. *See also* Tr. at p. 50. Justin did not receive any specific notice that he should apply for an exemption from the IAAF. See Exhibit 3. Also, Justin did not receive any individualized notice as to how far in advance of competition he should discontinue use of his prescription medicine.

4. In items 5 and 6, of its August 13, 2007 Order, the Hearing Panel indicated that it would accept arguments and briefing with respect to (i) whether it is appropriate for the Panel to evaluate the fault level of the first offense; and (ii) any arguments regarding fault in the first case, including but not limited to, whether the ADA is or should be applicable thereto. It is Justin Gatlin's position that not only is it appropriate, but it is required that

---

[2] It must be noted that in 2001, Justin Gatlin was a student-athlete at the University of Tennessee. He participated in the USA Track & Field 2001 Junior Nationals as a member of the University of Tennessee Track Team. He was entered into that event by his University of Tennessee track coach.

3

this Panel evaluate the relevant fault level, if any, in his first offense when determining what if any sanction may be appropriate in this matter. Second, Justin Gatlin believes that when the totality of the circumstance of his 2001 positive drug tests are considered, including his relative culpability, in light of the current WADA Code, the proposed amendments to the WADA Code, prior CAS decisions and the doctrine of *Lex Mitor*, the only appropriate interpretation of the decision in the 2001 Arbitration is that his conduct constituted "No Fault or Negligence" as those terms are defined by the WADA Code. Accordingly, the Panel should find that that incident may not be counted as a "first offense" and may not be used to enhance any sanction, if any, that the Panel may find in this matter. Justin Gatlin's position with respect to these issues is more fully set forth in the attached Memorandum, which is incorporated herein.

Therefore, for the reasons set forth above and as set forth in Justin Gatlin's pre-hearing brief, his reply brief and as presented at the hearing in this matter, Justin Gatlin respectfully requests that the Hearing Panel find that:

(1) Justin Gatlin's 2001 violation shall not be deemed a "first violation" and shall not used to enhance the any sanction or period of ineligibility, he may receive as a result of the adverse analytical finding related to his April 22, 2006 sample;

(2) The maximum possible sanction for the adverse analytical finding related to Justin Gatlin's April 22, 2006 sample shall be a 2 year period of ineligibility;

4

(3) The commencement of any sanction imposed upon Justin Gatlin shall be set as April 22, 2006, the date of the collection of the sample;

(4) Justin Gatlin bears No Fault or Negligence with respect to the adverse analytical finding related to his April 22, 2006 sample so any sanction or period of ineligibility which otherwise might be applicable is eliminated, or, *alternatively*, Justin Gatlin bears No Significant Fault or Negligence with respect to the adverse analytical finding related to his April 22, 2006 sample and the otherwise applicable minimum period of ineligibility should be reduced accordingly;

(5) Justin Gatlin has provided substantial assistance to anti-doping authorities and the otherwise applicable minimum period of ineligibility should be reduced accordingly;

(6) Justin Gatlin be disqualified from, and his results from the 2006 Kansas Relay on April 22, 2006, the date of the sample collection, shall be forfeited;

(7) Fairness requires that Justin Gatlin not be disqualified or forfeit the results from any other competition; and

(8) In light of the foregoing findings, the applicable sanction and period of ineligibility in this matter shall be equal to the time period from July 25, 2006, the first date of Justin Gatlin's voluntary provisional suspension, through the date of the Hearing Panel's decision

Respectfully submitted,
COLLINS & COLLINS

_____
John P. Collins

Attorneys for Claimant Justin Gatlin

John P. Collins
COLLINS & COLLINS
8 S. Michigan Ave., Ste. 1414
Chicago, IL 60603
312-201-8700