|  | To | : | Court Office of the Court of Arbitration for Sport |
|---|---|---|---|
|  | Address | : | Château de Béthusy, Avenue de Beaumont 2, 1012 Lausanne Switzerland |
|  | Fax: | : | 0041 21 613 5001 |

## STATEMENT OF APPEAL

We, the International Association Of Athletics Federations ("IAAF") of 17 Rue Princesse Florestine, BP 359 - MC 98000 Monaco, Cedex lodge an Appeal pursuant to IAAF Rule 60 against:

(1) **USA TRACK AND FIELD ("USATF")** of One RCA Dome, Suite 140, Indianapolis, IN 46225, USA. Telephone +1 317-261-0500, Fax +1 317-261-0481, a Member of the IAAF; and

(2) **MR JUSTIN GATLIN** c/o Maurice Suh, Gibson, Dunn and Crutcher LLP, 333 S. Grand Avenue, Suite 5115, Los Angeles, California 90071-3197. Telephone +1 213 229 7000, Fax +1 213 229 7520, a United States athlete

in respect of the decision of the relevant tribunal of USATF (the "USADA Panel") dated 31 December 2007, sent to the IAAF under cover of an e-mail dated 2 January 2008, to declare Mr Gatlin ineligible from competition for a period of 4 years commencing on 25 May 2006. A copy of the USADA Panel's decision, including the Dissent, is attached.

1. **THE DISPUTE**

    1.1 The IAAF considers that the decision of the USADA Panel to:

    1.1.1 impose a sanction of a 4 year period of ineligibility; and

    1.1.2 to commence the period of ineligibility on 25 May 2006;

1

was erroneous or procedurally unsound.

1.2 The IAAF is in dispute with its Member, USATF, as contrary to IAAF Rule 38.13, the USADA Panel decided that it had jurisdiction to consider whether or not exceptional circumstances existed so as to allow Mr Gatlin's period of ineligibility to be reduced. In breach of the procedure mandated by IAAF Rules, it decided that such circumstances existed on account of substantial assistance that Mr Gatlin had allegedly provided to the United States Government and duly reduced Mr Gatlin's period of ineligibility to 4 years. In addition, in breach of IAAF Rule 40.9, the USADA Panel decided to impose a start date for the period of ineligibility of 25 May 2006. In doing so, the IAAF submits that the USADA Panel came to an erroneous and procedurally unsound decision.

1.3 The IAAF is also in dispute with Mr Gatlin because it considers, by virtue of having committed a second anti-doping rule violation as defined under IAAF Rules, in the absence of successfully establishing exceptional circumstances, Mr Gatlin is ineligible for competition for a period of 8 years from the date of the decision pursuant to which it was decided that an anti-doping rule violation had been committed less any period of provisional suspension previously served.

1.4 Consequently, the IAAF requests that the CAS Panel consider this matter and, upon hearing the evidence, decide:

1.4.1 whether exceptional circumstances exist in Mr Gatlin's case such that the period of ineligibility imposed may be reduced below 8 years;

1.4.2 whether, in proper compliance with IAAF Rules, the start date of Mr Gatlin's ineligibility should be 8 years from the date of the CAS Panel's decision, less any period of suspension already served by the athlete.

2. **JURISDICTION**

2.1 The provision of the Statutes of the IAAF governing references to the Court of Arbitration for Sport is IAAF Rule 60. In particular, IAAF Rule 60 provides:

*"Appeals*

*9. All decisions subject to appeal under these Rules, whether doping or non-doping related, may be appealed to CAS in accordance with the provisions set out below. All*

2

*such decisions shall remain in effect while under appeal, unless determined otherwise (see Rules 60.23-24 below).*

*10. The following are examples of decisions that may be subject to appeal under these Rules:*

*(a) Where a Member has taken a decision that an athlete, athlete support personnel or other person has committed an anti-doping rule violation.....*

*11. In all cases involving International-Level athletes (or their athlete support personnel), or involving the sanction of a Member by the Council for a breach of the Rules, whether doping or non-doping related, the decision of the relevant body of the Member or the IAAF (as appropriate) may be appealed exclusively to CAS in accordance with the provisions set out in Rules 60.25-60.30 below.*

...

*13. In any case involving International-Level athletes (or their athlete support personnel), the following parties shall have the right to appeal a decision to CAS:*

...

*(c) The IAAF*

...

*The CAS Appeal*

*25. Unless the Council determines otherwise, the appellant shall have 30 days from the date of communication of the written reasons of the decision to be appealed (in English or French where the IAAF is the prospective appellant) in which to file his statement of appeal with CAS. Within 15 days of the deadline for filing the statement of appeal, the appellant shall file his appeal brief with CAS and, within thirty days of receipt of the appeal brief, the respondent shall file his answer with CAS.*

*26. All appeals before CAS (save as set out in Rule 60.27 below) shall take the form of a re-hearing de novo of the issues raised by the case and the CAS Panel shall be able to substitute its decision for the decision of the relevant tribunal of the Member or the IAAF where it considers the decision of the relevant tribunal of the Member or the IAAF to be erroneous or procedurally unsound.*

...

*28. In all CAS appeals involving the IAAF, CAS and the CAS Panel shall be bound by the IAAF Constitution, Rules and Regulations (including the Procedural Guidelines). In the case of any conflict between the CAS rules currently in force and the IAAF Constitution, Rules and Regulations, the IAAF Constitution, Rules and Regulations shall take precedence.*

*29. In all CAS appeals involving the IAAF, the governing law shall be Monegasque law and the arbitrations shall be conducted in English unless the parties agree otherwise."*

Copies of the relevant IAAF Arbitration Rules are attached.

2.2 In addition, Article 10(c) of the USADA Protocol for Olympic Movement Testing governs the jurisdiction of the Court of Arbitration for Sport. It provides:

*"The final decision by the AAA/CAS arbitrator(s) may be appealed to the Court of Arbitration for Sport ("CAS") as set forth in Article 13 of Annex A. ..."*

2.3 Article 13 of Annex A to the USADA Protocol for Olympic Movement Testing provides, in relevant part:

*"13.2 Appeals from Decisions Regarding Anti-Doping Rule Violations.*

*Consequences and Provisional Suspensions.*

*A decision that an anti-doping rule violation was committed, a decision imposing Consequences for an anti-doping rule violation, a decision that no anti-doping rule violation was committed, a decision that an Anti-Doping Organization lacks jurisdiction to rule on an alleged anti-doping rule violation or its Consequences, and a decision to impose a Provisional Suspension as a results of a Provisional Hearing or in violation of Article 7.5 may be appealed exclusively as provided in this Article 13.2.*

*13.2.1 Appeals involving International-Level Athletes*

*In cases arising from competition in an International Event or in cases involving International-Level Athletes, the decision may be appealed exclusively to the Court of Arbitration for Sport ("CAS") in accordance with the provisions applicable before such court.*

*13.2.3 Persons Entitled to Appeal*

*In cases under Article 13.2.1, the following parties shall have the right to appeal to CAS: ... (c) the relevant International Federation and any other Anti-Doping Organization under whose rules a sanction could have been imposed ...."*

3. **THE ARBITRATION**

3.1 The IAAF appoints as arbitrator, Mr Richard McLaren.

3.2 The IAAF chooses the English Language.

3.3 The IAAF will be represented in this matter until further notice by: Pierre Weiss of 17 rue Princesse Florestine, BP 359 - MC 98007 MONACO CEDEX Tel: +377 93 10 88 56; Fax: +377 93 15 95 15.

IAAF PP

23.01.2008

Date

4