**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JUSTIN GATLIN,

    Plaintiff,

v.                                          Case No. 3:08-cv-241/LAC/EMT

UNITED STATES ANTI-DOPING
AGENCY, INC.; UNITED STATES
TRACK AND FIELD ASSOCIATION;
UNITED STATES OLYMPIC COMMITTEE,
INC.; INTERNATIONAL ASSOCIATION
OF ATHLETICS FEDERATIONS,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. Doc. 4. By Order dated June 20, 2008, the Court granted the motion to the extent that it issued a Temporary Restraining Order preventing Defendants from enforcing the current suspension from competition such that Plaintiff would be allowed to participate in the Olympic trials commencing June 27, 2008. On June 23, 2008, the Court held a hearing on the motion, wherein all parties appeared

except the Defendant International Association of Athletics Federations (IAAF). Upon due consideration of the pleadings and the record in this case, the Court has determined that for jurisdictional reasons the motion for Preliminary Injunction is due to be denied.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Sammie Bonner Const. Co., Inc. v. Western Star Trucks Sales, Inc.*, 330 F.3d 1308, 1311 (11th Cir. 2003) (quoting *Fitzgerald v. Seaboard System R.R. Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985)).

Under the Ted Stevens Olympic and Amateur Sports Act (Amateur Sports Act), Congress provided the United States Olympic Committee (USOC) with exclusive jurisdiction over all matters concerning this country's participation in the Olympic Games. *See* 36 U.S.C. § 220503(3). As courts have indeed held, issues regarding whether an athlete is eligible to participate in the Olympic Games or any of its qualifying events are reserved solely for the USOC, and the courts have no jurisdiction to entertain a private right of action that might impinge upon an eligibility determination. *See Slaney v. The Intern. Amateur Athletic Federation*, 244 F.3d 580, 594-595 (7th Cir. 2001); *Lee v. U.S. Taekwondo Union*, 331 F.Supp. 2d 1252, 1256-1257 (D. Haw. 2004). Because Plaintiff's motion seeks preliminary relief which is directly aimed at lifting his current suspension in order to allow him to participate in the upcoming Olympic trials, the Court is preempted from taking jurisdiction over the matter.

Plaintiff's course of administrative remedies resulted in arbitration before the internationally based Court for Arbitration for Sport (CAS), which might arguably take this case beyond the reach of the Amateur Sports Act, but it does not change the result.[1] Pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, ("New York Convention"), claims that have been properly submitted to arbitration and ruled upon by entities such as CAS are barred from relitigation in this forum. *See* 9 U.S.C. §§ 201-08; *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440-44 (11th Cir. 1998).

It is beyond dispute that Plaintiff properly challenged his suspension on grounds that Defendants' actions violated his rights under the Americans with Disabilities Act and the Rehabilitation Act of 1973, the very grounds he raises in this motion. As these matters have been decided, Plaintiff is precluded from raising them here unless he can show that the CAS decision falls within one of the identified exceptions. While Plaintiff makes no attempt in this regard, the Court notes that the only conceivable exception is where enforcement of the award would be contrary to public policy. *See Industrial Risk*, 141 F.3d at 1442 n.8. This, however, is a very slender exception reserved for decisions which violate the "most basic notions of morality and justice . . . ." *Slaney*, 244 F.3d at 593 (quoting *In Fotochrome, Inc. v. Copal Co.*, 517 F.2d 512, 516 (2d Cir. 1975)). Decisions found to be "arbitrary and

---

[1] This remains a somewhat debatable proposition because, even if Plaintiff were to be successful in vacating the CAS decision, he would still be faced with the prospect of petitioning the USOC to overturn its own decision as to his eligibility to compete (if it did not do so itself), which as has been established is beyond the jurisdiction of the Court.

capricious" do not qualify under this exception. *See Industrial Risk*, 141 F.3d at 1443. Although as expressed herein and in the previous Order, the Court takes exception to the decisions made by Defendants and the panels sitting in arbitration over this matter, and indeed finds their actions to be arbitrary and capricious, the Court does not find these wrongs to rise to the level of moral repugnance as is required under the law for the Court to consider piercing the veil of the jurisdictional issue. It appears, as Defendants indicate, that Plaintiff's remaining avenue for relief lies with the Swiss Supreme Court, which may in its discretion elect to review the case.

Nonetheless, the result of this determination is quite troubling because Mr. Gatlin is being wronged, and the United States Courts have no power to right the wrong perpetrated upon one of its citizens. As the United States Anti-Doping Agency (USADA), stipulated before the American Arbitration Association Panel (AAA) during its hearing on the 2001 test result that forms the basis of Plaintiff's motion:

> Mr. Gatlin neither cheated nor intended to cheat. He did not intend to enhance his performance nor, given his medical condition, did his medication in fact enhance his performance.

Doc. 5, ex. g at 11. The 2001 AAA Panel also observed:

> This Panel would characterize Mr. Gatlin's inadvertent violation of the IAAF's rules based on uncontested facts as, at most, a "technical" or a "paperwork" violation."

*Id.* at 12. In 2006, the AAA Panel again reviewed the circumstances of the 2001 positive test and found:

> Turning to the 2001 doping violation by Mr. Gatlin, there appears to be no question that he had a legal right to take the prescription medication that caused his first violation, he was appropriately taking that prescription medicine to treat a properly diagnosed disability, and taking the medication outside of competition was not a violation of the IAAF Code in 2001, nor is it a violation now.

*Id.* at 19.

Yet Mr. Gatlin was and is still being sanctioned because of this "paperwork" violation which, as stipulated, did not enhance his performance. Nonetheless, the USOC argued before this Court that the Committee stands apart from the actions of USADA, and neither can it or will it take action even in the face of this injustice. The basic argument from these Defendants is that they are not interested in fairness for Mr. Gatlin; they are interested only in their rules.

As stated by Mr. Christopher L. Campbell dissenting from the opinion of the 2006 AAA Panel:

> By imposing sanctions on athletes like Mr. Gatlin who take medication for their legitimate disability, the Anti-Doping Organizations are willfully violating the law—behaving as if they are above the law. In these circumstances, they are nothing more than bullies preying on the vulnerable. The federal government should take a serious look at this practice.

Doc. 5, ex. j at 1.

The defendants have threatened to appeal the orders of this Court. To assist any review under the time constraints this case presents, the following is offered. Should the appellate panel find that this Court does have jurisdiction, this Court would grant a preliminary injunction lifting the suspension of Mr. Gatlin based upon a continuing violation of The Americans With Disabilities Act (ADA). The Court would find:

1. Mr. Gatlin suffers from a mental impairment that substantially limits one of the major life activities, learning;

2. The USOC, USATF and the IAAF operate a place of public accommodations;

3. These defendants took adverse action against Mr. Gatlin in 2001 based on his disability and continue to do so; and

4. Reasonable accommodations have not been made.

As a result, Mr. Gatlin's positive test in 2006 would be considered his first offense resulting in a maximum two year suspension from competition. Question would then arise as to when the suspension began. The rule on the commencement of ineligibility period reads in part: "Where required by fairness, such as delays in . . . aspects of Doping Control not attributable to the Athlete, the body imposing the sanction may start the period of Ineligibility at an earlier date commencing as early as the date of Sample collection." Doc. 5, ex. g at 15. The 2006 AAA Panel found that "there was an unusually long period of time between test and notification" clearly not attributable to Mr. Gatlin. *Id.* at 36. This matter was carefully considered by the Panel and they determined in fairness to begin the suspension

on May 25, 2006. Of note, this date was between the dates proposed by Mr. Gatlin (April 22, 2006) and the USADA (August 15, 2006).

Although the start date was later changed by the Court of Arbitration for Sport (CAS) without explanation, this Court would find the start of a two year suspension to be on May 25, 2006, as did the 2006 AAA Panel, and that it would end on May 24, 2008.

This Court would then find: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered by Mr. Gatlin if relief is not granted: (3) that the threatened injury dramatically outweighs any harm relief would inflict on the defendants; and (4) that entry of relief would serve the public interest.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Temporary Restraining Order entered by the Court on June 20, 2008, is hereby DISSOLVED and VACATED.

2. Plaintiff Justin Gatlin's Motion for Preliminary Injunction (doc. 4) is **DENIED**.

**ENTERED** this 24th day of June. **IT IS SO ORDERED.**

                                        s/ *L.A. Collier*
                                        Lacey A. Collier
                              Senior United States District Judge