IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

U.S.D.C. No. 3:08cv241/LAC/EMT

JUSTIN GATLIN

*Plaintiff-Appellant*

UNITED STATES ANTI-DOPING AGENCY, INC.; USA TRACK AND FIELD, INC.;
UNITED STATES OLYMPIC COMMITTEE; AND INTERNATIONAL
ASSOCIATION OF ATHELTICS FEDERATIONS,

*Defendants-Appellee*

## DECLARATION – EXPERT REPORT OF HORACE GAUTIER ON ISSUES OF SWISS LAW

I, Horace Gautier, of 2 rue Charles Bonnet, Geneva, do hereby state as follows:

1. I am an attorney at law and partner in the law firm Secretan Troyanov. I graduated from the University of Geneva Law school and was admitted to the Geneva Bar in 1982. I joined my current firm in Geneva in 1983, returning from the US, and practiced as an attorney at law ever since. I also practiced in London, England, where I headed my firm's office, between 1990 and 1993. I served as the managing partner of my law firm from 1995-2003. My Curriculum Vitae is attached to this affidavit as exhibit one.

2. I am a member of the Geneva Bar Association, Swiss Bar Association, Geneva Law Society, Swiss Arbitration Association, Geneva Association of Business Law, Holborn Law Society, International Bar Association, American Bar Association (International Section), British-Swiss Chamber of Commerce and the British Institute of International and Comparative Law.

GATLIN v. UNITED STATES ANTI-DOPING AGENCY INC
Dockets.Justia.com

3. My practice encompasses matters of international litigation and arbitration, with which I am familiar.

4. Save where expressly mentioned, I have personal knowledge of the matters contained herein.

5. I have been asked by counsel for Justin Gatlin to provide a Report on questions related to Swiss law in respect to the Court for the Arbitration of Sport (CAS) and the potential for an appeal from the CAS to the Swiss Federal Tribunal.

6. I have reviewed for purposes of this task Judge Lacey Collier's Orders dated June 20th and June 23rd 2008 and the Declaration – Expert report of Dr Antonio Rigozzi dated June 22, 20008 .

7. I am familiar with procedures pertaining to appeals to the Swiss Federal Tribunal ("Tribunal fédéral", "Bundesgericht"), also often referred to as the Swiss Supreme Court, the highest appellate court in Switzerland, including with respect to appeals directed against arbitration awards.

8. I understand from the Declaration – expert report of Mr Rigozzi that in the matter of Justin Gatlin, the CAS rendered an award on or around June 6, 2008 (and I have seen a summary of that award (being apparently the operative part of it) posted on the CAS' web site at www.tas-cas.org) and same has been served on Mr Gatlin, but that the CAS has not so far served a reasoned award.

9. Assuming the facts described at paragraphs 20 et sq of Mr Rigozzi's report, the accuracy of which I have not checked, I share Mr Rigozzi's views that the

CAS arbitration proceeding involving Mr Gatlin was a "Swiss" arbitration, although hearings were held in New York, not in Switzerland.

10. Further, given that that arbitration involved one or more foreign (i.e. non Swiss domiciled) parties, among whom Mr Gatlin, it must be regarded under Swiss law as a Swiss "international" arbitration.

11. As a result, an appeal could be formed in Switzerland against the CAS arbitration award on the conditions provided at Chapter XII (Specifically: Articles 190ff) of the Swiss federal Private International Law Act ("PIL Act") and 77 ff of the Swiss federal Act on the Federal Tribunal, also referred to by Mr Rigozzi as the Supreme Court Act ("SCA").

12. Article 100 Paragraph 1, SCA, provides that the deadline for filing an appeal to the Federal Tribunal in such matters is 30 days, running from the service on the appellant of the "full" (in French: "expédition complète") award, i.e. the reasoned award.

13. The wording of Article 100 paragraph 1 however only implies in my opinion that the time for the filing of an appeal extends 30 days from service of the reasoned award, not that filing an appeal is prohibited before the reasoned award is served. Indeed, it would otherwise be sufficient for the arbitrators to delay the issuing of the reasoned award to make it impossible for the parties to appeal within any useful time. This would potentially lead to a situation of denial of justice and cannot be the purpose of the procedural rules set forth in the SCA.

14. In an appellate proceeding leading to a decision of January 10th, 2007 (4P.148/2006), quoted by Mr Rigozzi at paragraph 56 of his report, the

Federal Tribunal expressly accepted to grant a stay of an award, where the appellant had appealed and applied for the stay prior to receiving the reasoned award. The reasoning of the Federal Tribunal in that proceeding is in my opinion fully applicable in the instant dispute, irrespective of the changes in procedural laws that occurred since the decision was rendered, as those changes do not affect those matters.

15. It remains that appealing an award without being in the possession of the reasoning of the arbitrators is extremely difficult (the appeal is only admissible where the appellant criticizes with some specificity the legal reasoning of the arbitrators); further, in the instant dispute, obtaining a stay upon application early enough to permit Mr Gatlin's participation in the Track and Field Olympic Trials, which I am told are to take place on or from June 27th, 2008, would appear a practical impossibility.

16. Indeed:
    a. Filing an appeal to the federal tribunal requires the filing of an appeal brief containing legal argumentation, not merely a statement to the effect that the appellant does appeal; this normally represents an substantial amount of work for both drafting the appeal and reviewing the award and procedural documents themselves. Even having recourse to a first short appeal limited to those issues that are relevant for making a decision on a stay of the award (and completing the appeal at a slightly later stage as is permissible) would require one or more days;
    b. An appeal against a Swiss international arbitration award does not by itself have the effect of staying the award (as mentioned by Mr Rigozzi at

paragraph 58); the appellant may in its appeal apply to the federal tribunal for an urgent decision to stay the award, but in my experience no decision on the stay is normally made until one or more weeks have elapsed. Even in very urgent cases, several days should be considered as a bare minimum.

17. I may add that the filing of an appeal, even in short form, would imply the payment of a court filing fee of up to (and in practice quite likely no less than) CHF 5,000.00 (being at current rates nearly US$ 5,000.00), which the court has discretion to double (Article 65 paragraphs 3 & 4 SCA). Legal fees for appealing an arbitration award to the Federal Tribunal could be estimated at a minimum of CHF 20,000.00.

In my opinion therefore there is no available remedy in Switzerland that would permit an expedited consideration of the issues relating to Justin Gatlin's participation in the Olympic Trials this weekend.

Geneva, 26 June 2008.

Horace Gautier

# Horace GAUTIER
Attorney-at-law ("Avocat")

**Practice Focus**

**Legal advice** in particular in relation to: Company Law, Mergers & Acquisitions, Divestiture, Insolvency, Contract, Labour and Employment, Private International Law, Law on Succession.
**Dispute resolution**: Litigation, Arbitration, ADR, International Assistance in Civil and Criminal Matters and Insolvency, with particular emphasis on international disputes.

**Bar Admission:**

Attorney-at-law: Admitted, Switzerland (1982)

**Education**

University of Geneva (Switzerland): Law Degree (1979).

**Professional Experience**

Practice in Geneva and in London.

Partner, Secretan Troyanov since 1990.

Articles at Haissly & Vodoz (now Schellenberg & Wittmer), 1980-82; associate, Secretan Troyanov, 1983-1989; resident partner, Secretan Troyanov, London office, 1990-1993. Managing partner, 1995-2003

**Membership in Professional Associations**

Geneva Bar Association,
Swiss Bar Association,
Geneva Law Society,
Geneva Association of Business Law,
Swiss Arbitration Association,
Holborn Law Society,
International Bar Association,
American Bar Association (Associate, Section of International Law).
British-Swiss Chamber of Commerce,
British Institute of International and Comparative Law,
III International Insolvency Institute.

**Personal Information**
Year of birth:  1956
Nationality:    Swiss
Languages:     French, English and German
Address:

| | |
|---|---|
| Secretan Troyanov | Tel : +41 (0) 22. 789.7000 (direct : 789.7001) |
| Avocats | Fax : +41 (0) 22.789.7070 |
| 2 rue Charles Bonnet | E-mail : horace.gautier@stswiss.com |
| P.O.Box 189 | www.stswiss.com |
| 1211 GENEVA 12 | |

**EXHIBIT 1**