IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JUSTIN GATLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08-cv-241/LAC/EMT |
| | ) |
| UNITED STATES ANTI-DOPING | ) |
| AGENCY, INC.; UNITED STATES | ) |
| TRACK AND FIELD ASSOCIATION; | ) |
| UNITED STATES OLYMPIC COMMITTEE, | ) |
| INC.; INTERNATIONAL ASSOCIATION | ) |
| OF ATHLETICS FEDERATIONS | ) |
| | ) |
| Defendants. | ) |
| _____/ | |

**OPPOSITION OF DEFENDANT IAAF TO
PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

Defendant International Association of Athletics Federations ("IAAF") opposes in the strongest terms plaintiff's motion for an emergency injunction pending appeal. IAAF respectfully refers the Court to the attached submission that IAAF is filing this morning with the United States Court of Appeals for the Eleventh Circuit, which states the grounds of IAAF's opposition.

It is also important to address plaintiff's argument, in a submission to the Court this morning, that his request for stay draws support from Justice Steven's grant of an emergency stay in *Reynolds v. IAAF*, 505 U.S. 1301 (1992). The *Reynolds* case involved entirely different circumstances. There was no independent international arbitration mechanism by which to resolve doping and eligibility disputes, and Reynolds attacked the fairness of the proceedings resulting in his suspension. The core issue of whether he had even committed a doping offense was hotly disputed.

Here, by contrast, plaintiff seeks to challenge a decision reached in a *de novo* review conducted by an independent international CAS tribunal consisting of three prominent and widely respected arbitrators. It is acknowledged that plaintiff committed a serious doping violation. There is no question about the fairness of the CAS proceedings, only a challenge to the fairness of the length of plaintiff's suspension. Knowing that CAS has often ruled in favor athletes (such as in the recent Oscar Pistorius case, in which the athlete's right to compete on an artificial leg was upheld over IAAF's opposition), plaintiff presented all his arguments for decision by CAS. Having done so, he may not now seek to re-litigate and collaterally attack the CAS decision in this Court.

Dated: June 26, 2008

Respectfully submitted,

WADE PALMER & SHOEMAKER P.A.

s*/ Robert C. Palmer, III*
*Counsel for Defendant, International Association of Athletics Federations.*

Eugene D. Gulland, Esq.
COVERINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
(202) 662-5504
(202) 778-5504 Facsimile
egulland@cov.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon the following counsel of record by way of operation of the Court's electronic filing system this 26th day of June, 2008:

Joseph A. Zarzaur, Jr
ZARZAUR LAW, P.A.
PO Box 12305
Pensacola, Florida 32591

joe@zarzaurlaw.com

John S. Mills
Bryan Gowdy
MILLS AND CREED, P.A.
865 May Street
Jacksonville, Florida 32204
jmills@appellate-firm.com
bgowdy@appellate-firm.com
Attorneys for Justin Gatlin

Lorence J. Bielby
John K. Londot
GREENBERG TRAURIG P.A.
101 E. College Ave
PO Drawer 1838
Tallahassee, Florida 32302-1838
bielbyl@gtlaw.com
LondotJ@gtlaw.com
Attorneys for United States Olympic Committee

      /s/ Robert C. Palmer, III
Robert C. Palmer, III
Florida Bar No.: 316776
Wade, Palmer & Shoemaker, P.A.
25 West Cedar Street, Suite 450
Pensacola, Florida 32502
PH: (850) 429-0755
FX: (850) 429-0871
*Counsel for Defendant, International Association of Athletics Federations*