UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Pensacola Division

JUSTIN GATLIN,

      Plaintiff,

v.                                    CASE NO.  3:08-cv-241/LAC/EMT

UNITED STATES ANTI-
DOPING AGENCY, INC., et al.,

      Defendants.

## PLAINTIFF'S PROPOSED REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C), the Plaintiff Justin Gatlin submits this reply memorandum in support of his emergency motion for injunction pending appeal (doc. 44).

### I. Mr. Gatlin does not have the right, under Swiss law, to appeal the decision of the CAS, and the Swiss courts cannot provide the relief that he requests in this suit.

In its response, Defendant USOC argues that Mr. Gatlin's only avenue for relief is the Swiss courts. All Defendants who have appeared have made this same argument at some point in these proceedings. The argument is

misleading. Under Swiss law, Mr. Gatlin is precluded from appealing the CAS's decision to the Swiss courts or seeking any relief from the Swiss court because the CAS's decision is not a "reasoned" award. Under Swiss law, an arbitral panel's decision must be "reasoned" – that is, accompanied by an opinion explaining the decision – before it may be reviewed by a Swiss court. Because the CAS has yet to issue an opinion in this case, its decision cannot be appealed.

To support our statements on Swiss law, we expect to submit very soon the declaration of Horace Gautier, a Swiss lawyer whose practice includes international arbitration. *See* Fed. R. Civ. P. 44.1. A careful review of the declaration submitted by Defendants' expert on Swiss law, Mr. Rigozzi, reveals that Defendants' expert would appear to agree with our expert's assertion that the CAS decision is non-appealable. (Doc. 16-2.) Though Mr. Rigozzi discusses many aspects of Swiss law, including appeals of arbitral decisions to courts, Mr. Rigozzi never asserts in his 34-page declaration that the CAS's decision in this case is appealable. (Doc. 16-2.) Instead, Mr. Rigozzi merely asserts that "[t]he party [who] wishes to have an

award set aside shall file an appeal brief within thirty days from the reception of the *reasoned* CAS award." (Doc. 16-2, ¶ 63, at p. 34(emphasis added).) What Mr. Rigozzi and Defendants neglected to ever mention to this Court in their prior, extensive assertions about Swiss law was that the CAS has not issued a reasoned award, and therefore, Mr. Gatlin's appellate remedy in the Swiss courts is illusory.[1]

**II. What actions the IOC or other international bodies may take to preclude Mr. Gatlin from competing in the Beijing Olympics are irrelevant to whether or not this Court should issue an injunction pending appeal.**

The USOC argues that this Court should not act because, even if Mr. Gatlin was allowed to compete in the Olympic Trials, the IOC or other international bodies will not allow Mr. Gatlin to compete in the Beijing Olympics. Justice Stevens rejected a similar argument when he issued an order in another case involving an athlete seeking an injunction to participate in the Olympic trials. *See Reynolds v. Int'l Amateur Athletic Federation*, 505 U.S. 1301, 112 S. Ct. 2512 (1992). The full Court declined to vacate

---

[1] In addition, as a practical matter, the Swiss courts will not be able to provide any relief to Mr. Gatlin before the Olympic Trial commences. Mr. Gautier's declaration will explain this further.

Justice Stevens' order. *Reynolds v. Int'l Amateur Athletic Federation*, 505 U.S. 1201 (1992). This Court should adopt Justice Stevens' reasoning.

In *Reynolds*, a district court issued an injunction to allow an athlete to compete in the Olympic trials. 112 S. Ct. at 2513. Later the same day, the circuit court of appeals stayed the injunction. *Id.* Still later, Justice Stevens, on behalf of the Court, stayed the circuit court's order and allowed the athlete to compete. *Id.* In *Reynolds*, as in this case, an international body had made certain threats in the event the athlete was allowed to compete in the Olympic trials. *Id.* Specifically, the IAAF threatened to ban from the Barcelona Olympics all athletes who competed in the Olympic trials with the athlete seeking judicial relief. *Id.*

In allowing the athlete to compete at the trials, Justice Stevens correctly decided that the IAAF's threats were irrelevant to the issue before him:

> In my opinion, the IAAF's threatened harm to third parties cannot dictate the proper disposition of applicant's claim. The dispositive questions for me are, first, whether applicant has established a probability of success on the merits, and second, whether the availability of a damages remedy precludes a finding of irreparable harm. With respect to the

first, I find the District Court's opinion persuasive. With respect to the second, a decent respect for the incomparable importance of winning a gold medal in the Olympic Games convinces me that a pecuniary award is not an adequate substitute for the intangible values for which the world's greatest athletes compete.

Of course, I recognize that this ruling may not establish [the athlete's] right to compete in the Olympics at Barcelona, but that opportunity will presumably be foreclosed if he is not allowed to participate in the Olympic Trials. On the other hand, the harm, if any, to the IAAF can be fully cured by a fair and objective determination of the merits of the controversy. Indeed, applicant may fail to qualify, thus mooting the entire matter; if he does qualify, his eligibility can be reviewed before the final event in Barcelona.

The IAAF's threat to enforce its eligibility decision – no matter how arbitrary or erroneous it may be – by punishing innocent third parties cannot be permitted to influence a fair and impartial adjudication of the merits of applicant's claims.

Justice Stevens' reasoning applies with equal force in the case presently before this Court. The IOC's threats to bar Mr. Gatlin from Beijing Olympics are not relevant. This Court is not faced with deciding whether or not Mr. Gatlin should be allowed to participate in the Beijing Olympics. That issue will have to be decided later assuming that Mr. Gatlin races this weekend and qualifies by his running on the track. But, if Mr.

Gatlin is not allowed to race at all this weekend, that issue will be moot. Thus, this Court should issue an injunction ordering the Defendants to allow Mr. Gatlin to compete at this weekend's Olympic Trials.

### III. Mr. Gatlin's ADA claim has not been decided by the arbitral panels.

Defendant USOC argues that the AAA and CAS arbitral panels have already decided Mr. Gatlin's ADA claim. They have not. This is not a typical arbitration case. Mr. Gatlin did not file a lawsuit or demand an arbitration to seek relief under the ADA on the ground that that his rights under the ADA had been violated. Instead, Defendants suspended Mr. Gatlin from competing. Pursuant to Defendants' rules, athletes may challenge this suspension in arbitral forums. Mr. Gatlin did that.

But, in the arbitrations, Mr. Gatlin did not allege an ADA cause of action, the elements thereof, or seek relief under the ADA. He merely argued to the arbitral panels that upholding the Defendants' suspension of him would violate the ADA. The Defendants argued that the ADA did not apply at all to the arbitration proceedings. (Doc. 31-2, at 15; Doc. 30-7.) The panels apparently agreed as they never addressed the elements of an

ADA cause of action. They never decided whether Mr. Gatlin has a valid ADA cause of action entitling him to relief under the ADA. That issue is left for this Court to decide. And, this Court's two orders so far demonstrate that this Court believes that Mr. Gatlin does have a substantial ADA cause of action. Therefore, it should issue the injunction pending appeal requested by Mr. Gatlin.

## Conclusion

For the foregoing reasons and the reasons previously argued by Mr. Gatlin, this Court should immediately grant the injunction to allow the Eleventh Circuit to complete its review.

Respectfully submitted,

| ZARZAUR LAW, P.A. | MILLS & CREED, P.A. |
|---|---|
| | /s/ Bryan S. Gowdy |
| Joseph A. Zarzaur, Jr. | John S. Mills |
| Florida Bar No. 96806 | Florida Bar No. 0107719 |
| Email: joe@zarzaurlaw.com | Email: jmills@appellate-firm.com |
| Post Office Box 12305 | Bryan S. Gowdy |
| Pensacola, Florida 32302 | Florida Bar No. 0975109 |
| (850)444-9299 | Email: bgowdy@appellate-firm.com |
| (866)588-1493 facsimile | 865 May Street |
| | Jacksonville, Florida 32204 |
| | (904) 350-0075 |

(904) 350-0086 facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by Notice of Electronic Filing per Federal Rule of Civil Procedure 5(b)(2)(E) and Northern District of Florida Local Rule 5.1(A)(6) this 25th day of June 2008, to Robert Conrad Palmer, III, counsel for United States Anti-Doping Agency, Inc., and USA Track and Field, Inc., and John K. Londot and Lorence Jon Bielby, counsel for United States Olympic Committee.

/s/ Bryan S. Gowdy
Attorney