UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTIN GATLIN,

    Plaintiff,

v.

UNITED STATES ANTI-DOPING
AGENCY, INC.;
USA TRACK AND
FIELD, INC.;
UNITED STATES OLYMPIC
COMMITTEE.; and
INTERNATIONAL ASSOCIATION
OF ATHLETICS FEDERATIONS,

    Defendants.

Case No. 3:08cv241/LAC/EMT
Florida Bar No. 0393517

## NOTICE OF FILING

Defendant, UNITED STATES OLYMPIC COMMITTEE, through its undersigned counsel, respectfully files the attached Additional Declaration - Expert Report of Dr. Antonio Rigozzi, dated June 26, 2008.

Dated this 26th day of June, 2008.

    Respectfully submitted,

    **GREENBERG TRAURIG, P.A.**
    101 East College Avenue
    Post Office Drawer 1838
    Tallahassee, Florida 32302
    Phone: (850) 222-6891
    Fax: (850) 681-0207

    /s/ Lorence Jon Bielby
    **LORENCE JON BIELBY**
    **Florida Bar No. 0393517**
    **JOHN K. LONDOT**
    **Florida Bar No. 0579521**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served per Federal Rule of Civil Procedure 5(b)(2)(E) and Northern District of Florida Local Rule 5.1(A)(6) this 26th day of June 2008, to the following:

Joseph A. Zarzaur, Jr.
Zarzaur Law, P.A.
Post Office Box 12305
Pensacola, Florida 32591
*Counsel for Justin Gatlin*

Robert C. Palmer, III
Wade, Palmer & Shoemaker, P.A.
25 West Cedar Street, Suite 450
Pensacola, Florida 32502
*Counsel for United States Anti-Doping Agency, Inc and U.S. Track & Field, Inc.*

John S. Mills
Bryan S. Gowdy
Mills & Creed, P.A.
865 May Street
Jacksonville, Florida 32204
*Counsel for Justin Gatlin*

    /s/ Lorence Jon Bielby
    LORENCE JON BIELBY

*MIA 180,118,138v1 6-26-08*

2

ATTACHMENT

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

|  |  |
|---|---|
| JUSTIN GATLIN ) | Case No. 3:08cv241/LAC/EMT |
| Plaintiff, ) |  |
| UNITED STATES ANTI-DOPING AGENCY INC.; UNITED STATES TRACK AND FIELD ASSOCIATION, INC.; UNITED STATES OLYMPIC COMMITTEE, INC.; INTERNATIONAL ASSOCIATION OF ATHLETICS FEDERATIONS ) |  |
| Defendants ) |  |

## ADDITIONAL DECLARATION – EXPERT REPORT OF DR. ANTONIO RIGOZZI

I, Dr. Antonio Rigozzi, do hereby state as follows:

1. I am a Lecturer at the University of Neuchâtel Law School in Switzerland. I teach international arbitration and sports law, in particular "anti-doping law".

2. I am also an attorney-at-law and partner in the law firm LÉVY KAUFMANN-KOHLER. I was admitted to the Geneva Bar in 1999.

3. I have published extensively, notably in the fields of international arbitration, in particular with regard to sport arbitration[1], as well as in the fields of international private law (conflicts of law) and sports law. A copy of my resume including a list of my publications is attached to this opinion as Annex A.

4. I have agreed to be compensated CHF 500 per hour for the present Declaration/Report. I have not testified as an expert at trial or by deposition in the past four years. The authorities that I have considered in forming my opinions are cited in the text or in the footnotes of this Declaration/Report.

5. Any abbreviations used in this declaration shall have the same meaning as those used in my previous declaration.

6. I have been asked by counsel for the United States Olympic Committee ("USOC") to provide an Additional Declaration and Expert Report, pursuant to Rule 26(a)(2) of the U.S. Federal Rules of Civil Procedure, in answer to the Declaration – Expert Report submitted by Mr. Horace Gautier.

I. **OPINION**

7. I agree in principle to the statements made by Mr. Gautier in paragraphs 13 and 14 of his report, leading to the conclusion that Mr. Gatlin can file and could

---

[1] *See* in particular ANTONIO RIGOZZI, L'arbitrage international en matière de sport, Basel 2005.


have filed a summary action to set aside the CAS award of June 6, 2008 for the purpose of obtaining preliminary relief.

8. However as regards the paragraphs 15 and 16 of Mr. Gautier's Expert Report I strongly disagree that it would have been a practical impossibility to obtain a timely stay of the CAS award upon application.

9. Firstly, as the appeal will be a summary appeal the appellant may simply state that he or she will criticize the legal reasoning of the arbitrators, and that the details thereto will be supplied with the supplemental appeal brief she or he will be allowed to file upon receipt of the reasoned award. Secondly, it would be possible to write a summary appeal brief within a day, as the most challenging part of the brief would be to describe the "good chances of success" on the merits, which in cases such as the present one will not be necessary given the reasoning employed by the Supreme Court in *Hondo*[2]. Due to the radically shortened brief a decision could be expected within a few days. In my experience this has been the case.

10. Taking the *Hondo* case as an example: the decision appealed against is dated May 16, 2006, which means that it was received on or around May 18, 2006[3]. One week later, on Friday, May 26, 2006 Mr. Hondo filed his appeal brief and a

---

[2] Decision 4P.148/2006 of 3 July 2005 (Danilo Hondo v. WADA & UCI), unreported, at p. 4 (*"Considérant, par ailleurs, que l'on ignore encore tout des motifs sur lesquels repose la décision attaquée, il n'est pas possible d'émettre un pronostic quant aux chances de succès du présent recours ni de retenir, partant, que celles-ci seraient inexistantes"*).

[3] In the Canton of Vaud, the decisions are notified by registered mail.

request for preliminary relief seeking a stay of the decision appealed against. One week later, on June 2, 2006, the Supreme Court granted the preliminary relief *ex parte*.[4]

11. In the present instance, the summary CAS award was handed down on Friday, June 6, 2008. Following the same timeline, i.e. the filing of a summary appeal before the Swiss Supreme Court on or around Friday, June 13, 2008, a decision regarding a stay of the award could have been handed down by June 20, 2008.

\* \* \*

\* \* \*

12. In conclusion, I reaffirm my previous declaration in this matter which states that the proper forum to challenge and bring an action to set aside a CAS awards is the Swiss Supreme Court pursuant to Articles 190 and 191 of the Swiss PILA.

13. In addition, I am convinced that it would not have been a practical impossibility to have obtained a decision from the Supreme Court before the Olympic Trials on June 27, 2008.

---

[4] The Supreme Court later gave the opposing parties (WADA, UCI Swiss Cycling and Swiss Olympics) an opportunity to respond to Mr. Hondo's request for preliminary relief, and finally confirmed the stay by decision of 3 July 2006. I attach a copy of the latter decision, which sets out the dates indicated in the present paragraph.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is in accordance with my sincere beliefs.

Geneva, 26 June 2008

Dr. Antonio Rigozzi

# ANNEX A

Bundesgericht
Tribunal fédéral
Tribunale federale
Tribunal federal



4P.148/2006

## Ordonnance du 3 juillet 2006
## Ire Cour civile

**Composition** — Le juge fédéral Corboz, président de la Cour.

**Parties** — Danilo **Hondo**, via Medere 10, 6612 Ascona,
recourant, représenté par Me Michael Lehner, avocat à Heidelberg, Me Lucien Valloni, avocat à Zurich, et Me Sébastien Besson, avocat à Genève, faisant élection de domicile en l'étude de ce dernier, rue Massot 9, 1206 Genève,

**contre**

**Agence Mondiale Antidopage (AMA),** Tour de la Bourse, Place Victoria 800, Bureau 1700, case postale 120, CA–Montréal, Québec, H4Z 1B7, intimée, représentée par Mes François Kaiser et Claude Ramoni, avocats, case postale 5559, 1002 Lausanne,
**Union Cycliste Internationale (UCI),** route Industrielle, 1860 Aigle, intimée, représentée par Me Philippe Verbiest, avocat, Justus Lipsiusstraat 24, BE–Louvain,
**Swiss Cycling Federation,** Laubeggstrasse 70, 3000 Berne 22,
**Swiss Olympic Association,** Laubeggstrasse 70, 3000 Berne 22,
intimées, représentées par Me Bernhard Welten, avocat, case postale 1009, 3000 Berne 6,
**Chambre des recours du Tribunal cantonal du canton de Vaud,** Palais de justice de l'Hermitage, route du Signal 8, 1014 Lausanne.

Objet: concordat intercantonal sur l'arbitrage,

recours de droit public contre l'arrêt de la Chambre des recours du Tribunal cantonal du canton de Vaud du 16 mai 2006.

**Le président,**

Vu le recours de droit public formé le 26 mai 2006 par Danilo Hondo, contre l'arrêt du 16 mai 2006 par lequel la Chambre des recours du Tribunal cantonal du canton de Vaud, statuant à huis clos dans la cause précitée, a rejeté le recours exercé par le prénommé contre la sentence du Tribunal Arbitral du Sport (TAS) du 10 janvier 2006 au terme de laquelle il avait été condamné, pour dopage, à une suspension d'une durée de deux ans, à compter du 1er avril 2005 et jusqu'au 31 mars 2007, maintenu ladite sentence et prononcé que son arrêt est exécutoire;

Vu la requête d'effet suspensif formulée séparément par le recourant, lequel entend être autorisé à participer à tous les événements sportifs, en particulier à ceux organisés sous l'égide de l'UCI et de Swiss Cycling;

Vu l'ordonnance présidentielle du 2 juin 2006 accordant l'effet suspensif au recours à titre superprovisoire;

Vu la lettre du 7 juin 2006 dans laquelle l'autorité intimée déclare s'en remettre à justice quant à l'octroi de l'effet suspensif;

Vu les observations des 16, 19 et 21 juin 2006 dans lesquelles l'UCI, l'AMA ainsi que Swiss Cycling Federation et Swiss Olympic Association concluent chacune au rejet de la requête d'effet suspensif;

Considérant que l'octroi de l'effet suspensif ne se justifie que si cette mesure est nécessaire au maintien de l'état de fait ou à la sauvegarde des intérêts compromis (art. 94 OJ),

qu'il en va ainsi en l'espèce, sur le vu des arguments antagonistes développés à ce sujet par le recourant et par les intimées,

que l'exécution immédiate de l'arrêt attaqué et, partant, de la sentence du TAS, priverait le recourant, dont la carrière est déjà bien avancée, de la possibilité d'exercer son activité de cycliste professionnel jusqu'à droit connu sur le présent recours, l'exposant ainsi à un préjudice difficilement réparable,

que, dans la mesure où l'on ignore quand l'autorité intimée pourra notifier son arrêt motivé aux parties, il n'est pas exclu que l'arrêt

fédéral ne puisse être rendu avant le 31 mars 2007, date à laquelle prenda fin la sanction prononcée à l'encontre du recourant,

qu'en pareille hypothèse, le présent recours s'en trouverait privé d'objet,

que, dans la pesée des intérêts opposés des parties, ceux des intimées – la nécessité de refaire le classement d'une épreuve à laquelle le recourant aurait pris part et le risque qu'une compétition soit faussée par la présence de ce dernier – doivent céder le pas à l'intérêt du recourant à ne pas devoir subir une année supplémentaire de suspension qui ne serait pas justifiée;

Considérant, par ailleurs, que, comme l'on ignore encore tout des motifs sur lesquels repose la décision attaquée, il n'est pas possible d'émettre un pronostic quant aux chances de succès du présent recours ni de retenir, partant, que celles-ci seraient inexistantes,

qu'il y a lieu, partant, d'admettre cette requête en application de l'art. 94 OJ, sans qu'il soit nécessaire, au demeurant, d'autoriser le recourant à participer à telle ou telle épreuve cycliste, l'effet suspensif entraînant déjà ce résultat et cette participation pouvant être soumise à d'autres conditions que le recourant, par hypothèse, ne remplirait pas,

**Ordonne:**

1.
L'effet suspensif est accordé au recours.

2.
La présente ordonnance est communiquée en copie aux mandataires des parties et à la Chambre des recours du Tribunal cantonal du canton de Vaud.

Lausanne, le 3 juillet 2006

Le président: