IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JUSTIN GATLIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:08cv241/LAC/EMT |
| | ) |
| | ) |
| UNITED STATES ANTI-DOPING | ) |
| AGENCY, INC; U.S.A. TRACK AND | ) |
| FIELD, INC.; UNITED STATES | ) |
| OLYMPIC COMMITTEE; | ) |
| INTERNATIONAL ASSOCIATION | ) |
| OF ATHLETICS FEDERATIONS; | ) |
| | ) |
| Defendants. | ) |

### MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

Comes now Plaintiff, Justin Gatlin, who pursuant to Federal Rule of Civil Procedure 15 and Local Rule 7.1(A) and (C), moves this Court to enter an order permitting leave to file the First Amended Complaint. In support of this motion Plaintiffs says as follows:

1. On June 6, 2008, Plaintiff filed his complaint in this matter.

2. As Your Honor is well aware, there has been a hearing on Plaintiffs Motion for Preliminary Injunction.

3. Further this Court entered an order denying Plaintiffs Motion for Preliminary Injunction.

As this Court is well aware the proper procedure for amending or supplementing of pleadings is set out in Federal Rule of Civil Procedure 15. Specifically, this rule allows a Plaintiff to amend his complaint as a matter of right before being served with a responsive pleading. See Fed R. Civ. P. 15 (a) (1) (A). Otherwise a plaintiff must obtain either written consent of the other parties or the court's leave. See Fed R. Civ. P. 15 (a) (2). Further, this rule continues that the court should " . . . freely give leave when justice so requires."

Case law has also held fairly routinely that leave to amend should be "freely" given when justice so requires. See *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir.1989). Courts considering Motions for Leave have also held that leave should be permitted in the absence of any apparent reason. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Among the factors that may justify denial of leave to amend are prejudice, undue delay, dilatory motive by movant, and repeated failure to cure deficiencies by amendments previously allowed. See *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)

Here, Plaintiff has not caused any of the Defendants an undue delay, prejudice and has no history of deficiencies. In fact, only one of the Defendants has filed a responsive pleading.

4. There were various issues raised during the hearing on Plaintiff's Motion for Preliminary Injunction which the Plaintiff has not had an opportunity to address in his complaint.

5. Further, due to the Plaintiff's inability to participate in the Olympic Trials, his claims have evolved and the complaint requires amending and supplementation given the current posture of the case.

6. Plaintiff's First Amended Complaint[1] includes allegations which address the change in circumstances since the filing of the original complaint and supplements the claims relating to issues beyond the Olympic Games.

7. Only one of the four defendants has filed a responsive pleading to the original complaint. The USOC has filed a motion to dismiss.

8. Counsel for the Plaintiff has conferred with opposing counsel and the parties were not able to agree on a disposition of this matter.

Wherefore, Plaintiff respectfully requests that this Court enter an order permitting leave for the Plaintiff to file his First Amended Complaint.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Comes now Plaintiff who submits this memorandum in support of his Motion for Leave to File His First Amended Complaint. In support, Plaintiff says as follows:

---

[1] Plaintiffs First Amended Complaint is attached as Exhibit One to this Motion.

## CERTIFICATE OF CONFERENCE

Counsel for the Plaintiff hereby certifies, pursuant to Loc. R. 7.1(B), that he has conferred with opposing counsel and was unable to resolve by full agreement the matters asserted in this Motion.

Respectfully Submitted,

*/s/ Joseph A. Zarzaur*

Joseph A. Zarzaur, Jr.
Attorney for Plaintiff
Florida Bar Number 96806
Zarzaur Law, P.A.
Post Office Box 12305
Pensacola, Florida 32591
(850)444-9299 p
(866)588-1493 f
joe@zarzaurlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served per Federal Rule of Civil Procedure 5(b) (2) (E) and Northern District of Florida Local Rule 5.1 (A) (6) this 14th day of July 2008, to the following:

Robert Palmer, III, Esquire
Wade, Palmer & Shoemaker, P.A.
25 West Cedar Street, Suite 450
Pensacola, Florida 32502

Lorence Jon Bielby, Esquire
John Londot, Esquire
Greenberg Traurig, P.A.
101 East College Avenue
Post Office Drawer 1838
Tallahassee, Florida  32302

Eugene Gulland, Esquire
Covington & Burling, LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
+1 202.662.5504 (voice)
+1 202.778.5504 (fax)
egulland@cov.com